OPINION OF THE COURT
Chief Judge Cooke.
These cases present the „ question whether the holding of Kurcsics v Merchants Mut. Ins. Co. (49 NY2d 451) should be given retroactive effect. For the outlined reasons, this court holds that Kurcsics should be applied to all claims not barred by the Statute of Limitations.
In Kurcsics, the court construed the phrase “first party benefits”, contained in section 671 of the Insurance Law, as it related to no-fault insurance protection. The court held that under section 671, a covered person injured in a motor vehicle accident who sustained lost earnings of more than $1,000 per month can recover as first-party benefits 80% of his or her actual lost earnings up to a maximum of $1,000 per month. The court rejected the Superintendent of Insurance’s interpretation of section 671 as limiting recovery for lost earnings to a maximum of 80% of $1,000, or $800.
Morris Gurnee, plaintiff in one of the instant actions, was injured in November, 1977 while driving a car owned by an insured of Aetna Life and Casualty Company. He claimed lost wages of more than $3,200 per month. Aetna paid him $800 per month, in accordance with State Insurance Department regulations. After this court decided Kurcsics in February, 1980, Gurnee sued Aetna, claiming he was entitled to the maximum $1,000 per month for lost earnings. Supreme Court granted defendant’s motion to *191 dismiss the complaint for failure to state a cause of action, holding that Kurcsics should not be applied retroactively. That court also denied as academic plaintiff’s motion to maintain the lawsuit as a class action. The Appellate Division affirmed.
Moshe Weinreich was injured in an accident in July, 1975 involving a vehicle insured by State-Wide Insurance Company. In the wake of Kurcsics, he sued State-Wide, alleging that it refused to pay him more than $800 per month in lost wages even though he was entitled to $1,000. Weinreich also moved for an order determining that the suit could be brought as a class action. Supreme Court granted defendant’s motion to dismiss for failure to state a cause of action, holding that Kurcsics was not retroactive, and denied the motion for class certification. Appellate Division affirmance followed.
In determining whether the holding of Kurcsics is applicable to other claims that arose before the decision was handed down, it is questionable whether retroactivity analysis is relevant with respect to the application of the first decision of the State’s highest court interpreting a new statute. Such analysis is traditionally used where there has been an abrupt shift in controlling decisional law. In Kurcsics, this court merely construed, at its first opportunity to do so, the language of a statute that had been in effect since 1974.
Even under what might be described as the traditional retroactivity analysis, however, it is clear that Kurcsics should be accorded full retroactive effect. Several principles provide guidance for such examination. First, it is well established that, “consonant with the common law’s policy-laden assumptions, a change in decisional law usually will be applied retrospectively to all cases still in the normal litigating process” (Gager v White, 53 NY2d 475, 483; see People v Pepper, 53 NY2d 213, 219-220; People v Morales, 37 NY2d 262, 267-269; Kelly v Long Is. Light. Co., 31 NY2d 25, 29, n 3; Knapp v Fasbender, 1 NY2d 212, 243). As an exception to this general rule, however, “where there has been such a sharp break in the continuity of law that its impact will ‘wreak more havoc in society than society’s interest in stability will tolerate’ ” a court may direct that *192 the new pronouncement operate prospectively alone (Gager v White, supra, at pp 483-484, quoting Fairchild, Limitation of New Judge-Made Law to Prospective Effect Only: “Prospective Overruling” or “Sunbursting”, 51 Marq L Rev 254).
. In Chevron Oil Co. v Huson (404 US 97, 106-107), the Supreme Court outlined three factors to consider in determining if a ruling should be prospective only. “First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied * * * or by deciding an issue of first impression whose resolution was not clearly foreshadowed” (404 US, at p 106). Second, the prior history of the rule at issue and the impact of retroactive application upon its purpose and effect should be considered. Finally, the court should take into account any inequity that would be created by retroactive application (id.).
Turning to the instant cases, defendants argue that Kurcsics should not be applied retroactively because its result was not clearly foreshadowed. In this regard it is important to emphasize that Kurcsics did not “establish a new principle of law.” It merely construed a statute that had been in effect for a number of years. It is true that the Insurance Department had promulgated regulations based on a construction of section 671 contrary to that subsequently articulated by this court. A judicial decision construing the words of a statute, however, does not constitute the creation of a new legal principle. Additionally, the definitional language of section 671 itself foreshadowed the conclusion this court first had the opportunity to express in Kurcsics.
With respect to the second factor set forth in Chevron, defendants argue that the purposes of the legislation would not be furthered because retroactive application of Kurcsics would reduce neither insurance premium rates nor the number of law suits stemming from automobile accidents, both admittedly salutary goals of the no-fault scheme. In Montgomery v Daniels (38 NY2d 41, 55), however, this court stated that a crucial facet of the Legislature’s plan in enacting article 18 of the Insurance Law consisted of “guaranteeing prompt and full compensation of economic *193 losses up to $50,000 without the necessity of recourse to the courts” (emphasis added). It is this right of an injured party to prompt and full compensation that offsets the no-fault law’s elimination of the ability to recover for pain and suffering for relatively minor injuries (see NY Legis Ann, 1973, p 298; 2 McKinney’s Session Laws of NY, 1973, p 2335). An important aspect of the no-fault scheme, then, was the provision of first-party benefits. “Full compensation” under the scheme includes the amount of lost earnings allowed by section 671. To argue that application of the correct interpretation of section 671 will not further the purposes of the no-fault legislation is to ignore these crucial benefits. Indeed, to deny Kurcsics application to these cases would directly contradict the legislative design.
The third factor cited in Chevron entails weighing relative burdens that would be imposed upon either party if Kurcsics were given retroactive effect. Defendants maintain that they based their premium rates upon the assumption that their liability for lost earnings would be limited to $800 per month. They assert that a determination that their maximum liability was $1,000 per month would create severe financial hardships. Whatever hardships may be suffered by insurers who erroneously believed that their maximum exposure was $800 per month for lost earnings, however, is more than outweighed by the hardship suffered by those injured individuals who received only $800 per month for lost earnings although entitled to a maximum of $1,000 per month. As this court observed in Montgomery v Daniels (38 NY2d 41, 55, supra), the no-fault legislation foreclosed recovery for pain and suffering by persons who had suffered relatively minor injuries in automobile accidents, but balanced this by providing a means of obtaining prompt and full recovery for certain economic losses. Plaintiffs were denied the ability to sue for pain and suffering, yet they were also denied the full recovery to which they were entitled under that scheme. The unfairness to such injured persons outweighs whatever financial burden may be imposed on insurers. With respect to this burden, it should be noted that the applicable six-year Statute of Limitations has already extinguished a portion of the insurers’ potential liability (see CPLR 213).
*194 When all of the applicable criteria are considered, retroactive application of Kurcsics is mandated. In sum, that case established no new principle of law; it merely construed the language of a statute that was already in existence. Also, the purposes of the no-fault insurance legislation would be furthered by retroactive application of Kurcsics. And, finally, a balancing of the equities dictates that the injured parties not be made to bear the burden of foregoing part of the recovery to which they were statutorily entitled.
Defendants also raise constitutional challenges to retroactive application of Kurcsics. These arguments, however, are unpersuasive. Kurcsics merely construed the language of a statute governing certain provisions required of automobile insurance contracts. Such a judicial construction cannot, by its very nature, constitute a “Law impairing the Obligation of Contracts” (US Const, art I, § 10, par 1). Likewise, retroactive application of Kurcsics effects no unconstitutional taking of property without due process. Requiring defendants to pay covered persons according to the command of a statute governing their insurance policies and in effect when those policies were written simply is not a “taking”. There is thus no persuasive reason why this court’s construction of section 671 should not be held applicable to all claims that are not time-barred. To the contrary, equitable considerations and the nature of this court’s decision in Kurcsics require that Kurcsics be applied retroactively. Plaintiffs’ complaints therefore should not have been dismissed for failure to state a cause of action.
With respect to plaintiffs’ motions for orders determining that they could bring their suits as class actions, this court has no occasion at this point to address the merits.. The motions were denied as academic, in one case explicitly and in the other implicitly, in light of the dismissals of plaintiffs’ complaints for failure to state a cause of action. Given the inherently factual and discretionary nature of such determinations (see Ray v Marine Midland Grace Trust Co., 35 NY2d 147, 155; Siegel, New York Practice, § 147), the merits of the motions should first be explored and considered by the trial courts (see CPLR 901-909).
*195 Accordingly, the orders of the Appellate Divisions should be reversed, with costs, and defendants’ motions to dismiss the complaints should be denied.
Judges Jasen, Gabrielli, Jones, Wachtler and Meyer concur; Judge Fuchsberg taking no part.
In Gurnee v Aetna Life & Cas. Co.: Order reversed, with costs, and defendant’s motion to dismiss the complaint denied.
In Weinreich v State-Wide Ins. Co.: Order reversed, with costs, and defendants’ motions to dismiss the complaint denied.