OPINION OF THE COURT
Ira B. Harkavy, J.
This is an action to recover payment for additional no-fault benefits allegedly due to plaintiff. The defendant New York City Transit Authority is the employer of the plaintiff, a bus driver, who was injured in the course of his employment on February 19, 1978. The plaintiff was admittedly entitled to both compensation benefits and no-fault benefits as a result of said accident.
After claims were filed with the defendant for both types of benefits, the New York City Transit Authority, by its letter of November 9, 1981, made an offer to settle the no-fault wage claim on the terms set forth in the letter. The letter in part reads “Mr. Wilson is entitled to no-fault benefits in the sum of $800.00 per month.”
At the time the Court of Appeals had recently held in Kurcsics v Merchants Mut. Ins. Co. (49 NY2d 451) that a covered person could recover up to $1,000 per month from an insurance carrier for lost earnings, invalidating an Insurance Department regulation that limited monthly payments to $800. On June 24, 1980, in response to litigation of the retroactive effect of Kurcsics (supra), the Super *1018 intendent of Insurance issued the fourteenth amendment to Regulation No. 68 (11 NYCRR 65.18). Said regulation provided for the maximum payment of $800 per month for accidents occurring prior to February 20, 1980 with a requirement that at arbitration, the arbitrator should specifically indicate the amount, if any, greater than $800 the insurer would have to pay should Kurcsics be held to apply retroactively. The Insurance Department was indicating to all parties that they should preserve their rights pending for the court clarification of the Kurcsics decision.
At the time the instant matter was settled, the parties were aware or should have been aware of two cases pending in the Court of Appeals which would determine the retroactivity of Kurcsics (Gurnee v Aetna Life & Cas. Co., 79 AD2d 860, and Weinreich v State-Wide Ins. Co., 80 AD2d 756). The Appellate Division had denied the retroactivity of Kurcsics (supra). However the Transit Authority claims they were aware that should the decisions in Gurnee (supra) and Weinreich (supra) be reversed and Kurcsics applied retroactively, it would have to pay approximately $8,000 more. It appears that questions had been raised by the Transit Authority as to plaintiff’s right to any no-fault payments but as to the additional exposure, the Transit Authority agreed to settle the claim by agreeing to pay the $800 per month payment. As consideration for settlement, the plaintiff agreed to execute a release and accompanying affidavit, which released the authority for all moneys relating to plaintiff’s no-fault claim.
Subsequent to the exchange of documents and money between the parties, the Court of Appeals (55 NY2d 184) in reversing the Gurnee and Weinreich decisions held that the decision in Kurcsics (supra) should be given retroactive effect. Plaintiff now demands additional sums of money.
The court holds that the agreement between the parties is binding and plaintiff cannot use a subsequent change in law to set aside a written agreement evidenced by the executed release. In Mangini v McClurg (24 NY2d 556, 563) the Court of Appeals in discussing the significance of an executed release held: “This is not to say that a release may be treated lightly. It is a jural act of high significance without which the settlement of disputes would be ren *1019 dered all but impossible. It should never be converted into a starting point for renewed litigation except under circumstances and under rules which would render any other result a grave injustice. It is for this reason that the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake, must be established or else the release stands. In the instance of mutual mistake, the burden of persuasion is on the one who would set the release aside.”
In the instant case there has not been a mutual mistake of law. The Transit Authority was fully aware of the state of the law at the time it entered into settlement; as indicated earlier, it was this awareness which induced the authority to settle the case. The plaintiff’s attorney was aware or should have been aware of the transient status of the law regarding payments. Absent a specific provision in the release reserving plaintiff’s right to pursue his action, the release represents the final agreement between the parties and plaintiff cannot now seek to relitigate the issue.
Judgment for defendant dismissing the claim, without costs.