■ MICHAEL MICHA, Respondent, v MERCHANTS MUTUAL INSURANCE COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Smyk, J.), entered September 9, 1982 in Broome County, which denied defendant's motion to dismiss the complaint. The dispositive issue on this appeal concerns the accrual date for an insured's cause of action against his motor vehicle liability insurer based upon the insurer's refusal to pay first-party benefits under the "no-fault" provisions of its insurance policy. We reject defendant's contention that the accrual date for the cause of action is the date of the accident and hold that it accrues when the payment of benefits becomes overdue. Special Term's order denying defendant's motion to dismiss must, therefore, be affirmed. Plaintiff, while insured by defendant, was injured in an automobile accident involving the insured vehicle, and he sought first-party benefits pursuant to the "no-fault" provisions of defendant's policy. After plaintiff completed the appropriate application forms, defendant paid him benefits until September 27, 1976, when it denied further payment until plaintiff was examined by a physician. Plaintiff underwent such an examination November 11, 1976, and on November 29, 1976, defendant refused to make any further payments for lack of medical proof of an injury related to the accident. Plaintiff commenced this action to recover the unpaid benefits on June 1, 1982. Defendant concedes that plaintiff's action is governed by the six-year Statute of Limitations. We agree. Plaintiff's cause of action clearly seeks recovery of damages for defendant's alleged breach of its obligation to pay first-party benefits, an obligation created by contractual provisions contained in its insurance policy as required by law (Insurance Law, § 672), and thus the action must be commenced within six years (CPLR 213). Moreover, the Court of Appeals has recently expressed its view, albeit in dictum, that the six-year limitation period is applicable to actions of this nature (*Gurnee v Aetna Life & Cas. Co.,* 55 NY2d 184, 193, cert den ___ US ___, 51 LW 3255). Turning now to the accrual date, it is the general rule that "[i]n contract cases, the cause of action accrues and the Statute of Limitations begins to run from the time of the

---

breach" (*Kassner & Co. v City of New York,* 46 NY2d 544, 550). Application of this principle mandates rejection of the accrual date urged by defendant, for at the time of the accident defendant owed no contractual obligation to pay first-party benefits and, therefore, it had not yet breached any contractual obligation. Defendant's obligation to pay the first-party benefits required by its policy arose "as the loss [was] incurred" and benefits "are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained" (Insurance Law, § 675, subd 1; see, also, *Montgomery v Daniels,* 38 NY2d 41, 47). Interest on the benefits begins to accrue when the payment is overdue (*Young v Utica Mut. Ins. Co.,* 86 AD2d 764), and we conclude that an insured's cause of action to recover the unpaid benefits accrues at the same time. The record reveals that defendant made payments of first-party benefits until September 27, 1976 and, therefore, the benefits could not have become overdue prior to that date, which is less than six years before plaintiff commenced this action. Since plaintiff thereafter submitted to a physical examination at defendant's request, the actual accrual date may have been later than September 27, 1976 (see 11 NYCRR 65.15 [f] [1]). Accordingly, plaintiff's action is timely. Defendant relies on *Yawn v Regional Tr. Serv.* (61 AD2d 1126) as authority for its claim that plaintiff's cause of action accrued on the date of the accident. That case, however, involved an action to recover damages for personal injuries sustained in a bus accident, and the defendant was the tort-feasor. The court held that the no-fault provisions of the Insurance Law did not alter the traditional rule that a cause of action in negligence to recover damages for personal injuries accrues upon the date of the accident. Plaintiff's action herein is founded on allegations of breach of contract, not negligence, and thus the accrual date for tort actions is irrelevant. Defendant also argues that the *Gurnee* case (*supra*) supports its argument. *Gurnee* holds that *Kurcsics v Merchants Mut. Ins. Co..* (49 NY2d 451), which construed the statutory 80% limitation on first-party benefits (Insurance Law, § 671), should be applied retroactively. In discussing the financial burden such a holding would impose on insurers, the court noted "that the applicable six-year Statute of Limitations has already extinguished a portion of the insurers' potential liability" (55 NY2d, at p 193). Contrary to defendant's suggestion, the accrual date applied by us herein is not incompatible with the court's assertion in *Gurnee* quoted above. At the time *Gurnee* was decided, it is entirely possible that in a substantial number of cases where insurers had used an $800 monthly limit on first-party benefits rather than the $1,000 limit required by *Kurcsics,* more than six years had elapsed since the required payment became overdue. Finally, since it was not raised at Special Term, we decline to consider defendant's claim that plaintiff's action is barred by laches (see *Kolmer-Marcus, Inc. v Winer,* 32 AD2d 763, affd 26 NY2d 795). Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.