■ GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v BENJAMIN JACOBSON, Appellant. — In an action to recover payments made by plaintiff to defendant which were allegedly additional first-party benefits, defendant appeals from a judgment of the Supreme Court, Nassau County (Morrison, J.), entered August 27, 1982, which, upon granting plaintiff's cross motion for summary judgment, awarded it the principal sum of $8,283.40. Judgment reversed, without costs or disbursements, and matter remitted to Special Term for a trial in accordance herewith. On September 1, 1977, defendant Benjamin Jacobson was a passenger in an automobile owned and operated by one Louis Tosi, which overturned in an accident. The vehicle was insured by plaintiff

Government Employees Insurance Company (hereinafter GEICO). The contract of insurance contained a basic no-fault personal injury protection (hereinafter no-fault) indorsement as well as an additional personal injury protection (hereinafter APIP) indorsement which, in contrast to the former, contained a subrogation provision. The APIP indorsement provides that GEICO will pay additional first-party benefits for reimbursement of extended economic loss on account of personal injuries caused by an accident arising out of the use or operation of a motor vehicle and sustained by a named insured or any relative and any other person occupying a motor vehicle operated by the name insured or any relative. Jacobson, a detective with the New York City Police Department, sustained serious physical injuries as a result of the accident and never returned to work, although he was not officially retired from his police duties until November, 1979. At the time of the accident, his biweekly gross salary was $762.86. GEICO made payments to him for 25 months commencing in September, 1977; these payments were equal to 80% of his wages for the period and varied in amount from $1,241.92 to $1,366.11 per month. The total amount of these payments was $33,283.46. Defendant also received other payments from GEICO of approximately $36,000 for hospital and medical costs, lost earnings, and other covered expenses. In 1979, Jacobson and his wife, claiming derivatively, commenced an action against Louis Tosi, who was the owner-operator of the vehicle, and plaintiff's insured. Prior to trial, the matter was settled for $100,000, the limit of liability of Tosi's policy for personal injuries sustained by one person. A copy of the release signed by Jacobson and his wife was sent to GEICO. A dispute arose between Jacobson and GEICO with respect to the amount of money to which Jacobson was entitled for lost wages and medical expenses. The matter went to arbitration and Jacobson was awarded $9,420.96 for loss of earnings, in addition to attorney's fee and return of the arbitration filing fee. GEICO commenced the instant action seeking to recover the amount of $13,283.46, which it characterized as additional first-party benefits for extended economic loss over and above the no-fault indorsement. GEICO claimed entitlement to this amount from the proceeds received by Jacobson in settlement of the third-party action, pursuant to its rights as a subrogee, or, in the alternative, as a lienor, and alleged that it had reserved its rights on the record at the settlement conference. Jacobson thereafter moved for summary judgment and plaintiff cross-moved for the same relief. Special Term determined that plaintiff was entitled to recovery of APIP benefits paid to Jacobson, holding that the release given to Tosi was general and not limited to cover only pain and suffering. It reserved decision, however, on both the motion and the cross motion pending submission by the parties of legible exhibits. The court noted that an issue existed as to whether or not GEICO was correct in claiming that $800 of the monthly sums paid to Jacobson for lost wages was the proper amount payable under the no-fault indorsement. Following further submissions by the parties, Special Term awarded plaintiff the principal sum of $8,283.40. We reverse. Although the $8,283.40 awarded plaintiff did, in fact, represent additional first-party benefits paid to Jacobson, it is unclear whether GEICO is entitled to recovery of that entire amount. Jacobson has established that his gross salary significantly exceeded $1,000 per month. The Insurance Law provides that a covered person is entitled to recover as first-party benefits 80% of actual lost earnings, up to a maximum of $1,000 monthly, for not more than three years from the date of the accident causing the injury (Insurance Law, § 671, subd 1, par [b]; *Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 456-458). This interpretation of the Insurance Law has been given retroactive effect (*Gurnee v Aetna Life & Cas. Co.,* 55 NY2d 184, 190). During the course of 25 months, Jacobson received payments from plaintiff in varying amounts which totaled

$33,283.46. In addition, he also received $9,420.96 pursuant to an arbitration award as a compromise of his claim with respect to total lost earnings. We thus hold that Jacobson has no right to any further payment for lost wages, although he would have been entitled to a total of $36,000 (36 months at $1,000 per month) were it not for the arbitration award. That GEICO did not pay the maximum no-fault benefits of $50,000 (Insurance Law, § 671, subd 1) to Jacobson is irrelevant. It fulfilled its obligation to pay him for lost wages and paid him more than $1,000 per month, the maximum amount due under the no-fault indorsement. In addition, Jacobson received payment from the tort-feasor in settlement of the third-party action against him. We have reviewed Jacobson's third-party complaint, which had not been submitted to Special Term, and note that it sought recovery for physical injuries and for loss of earnings, as well as recovery on his wife's derivative claim. The subrogation provision of the APIP indorsement expressly states that "[i]n the event of any payment for extended economic loss, the Company is subrogated to the extent of such payments to the rights of the person to whom, or for whose benefit, such payments were made". A portion of the settlement proceeds received by Jacobson may well represent payment for extended economic loss. If that is in fact the situation, then GEICO having paid APIP benefits, has a right of subrogation (cf. *Kozlowski v Briggs Leasing Corp.*, 96 Misc 2d 337, 342-343). The issue to be resolved is whether it was entitled to the entire difference between the APIP benefits paid of $33,283.46 and the maximum amount due under the no-fault indorsement of $25,000 (25 months at $1,000 per month). A trial is therefore required to determine what portion of the settlement proceeds, if any, reasonably represents the extended economic loss sustained by Jacobson and what portion thereof is allocable to the recovery by Jacobson and his wife for pain and suffering to which GEICO has no right of subrogation (*Lang v City of New York*, 98 AD2d 792; *Aetna Cas. & Sur. Co. v Jackowe*, 97 AD2d 37; *Matter of Celona v Royal Globe Ins. Co.*, 85 AD2d 635, 636; *Record v Royal Globe Ins. Co.*, 83 AD2d 154, 159-161; *State Farm Mut. Auto Ins. Co. v Coppersmith*, 97 Misc 2d 37, 40). The matter is therefore remitted to Special Term to determine GEICO's proportionate recovery, if any, of the APIP benefits of $8,283.40 it had paid to Jacobson and for entry of an appropriate judgment. Damiani, J. P., Titone, Lazer and Bracken, JJ., concur.