■ LVF REALTY CO., INC., Appellant, v ROBERT HARRINGTON, as Treasurer of the City of Long Beach, et al., Respondents.—In an action pursuant to RPAPL article 15 to determine adverse claims to a parcel of real property, the plaintiff appeals from an order of the Supreme Court, Nassau County, (Roberto, J.), dated August 6, 1987, which denied its motion for summary judgment and, upon searching the record, granted summary judgment to the defendants declaring the defendant Nesim Pinto to be the lawful owner of the property in question.

Ordered that the order is reversed, on the law, with costs, the real estate tax collection enforcement provisions of the Charter of the City of Long Beach pursuant to which the defendants obtained deeds to the subject property are declared unconstitutional, the deeds to the defendants are declared a nullity, and the plaintiff is granted an opportunity to redeem the property in accordance herewith.

The plaintiff LVF Realty Co., Inc., commenced this action to challenge the validity of a tax lien sale of a parcel of property which it owned. The sale was made pursuant to provisions of the Charter of the City of Long Beach (hereinafter the Charter) which, the plaintiff contends, violate due process of law because they fail to provide adequate notice of the tax lien sale and of the opportunity afforded an owner to redeem its property.

Insofar as relevant, the Charter provides that the city treasurer is to compile a list of properties on which real property taxes are due. The city treasurer is to add interest at the rate of 18% each year from the date the taxes are due until the date set for the tax lien sale, as well as an amount to cover expenses. The total sum then becomes a lien against the property (City of Long Beach Charter § 114). The city treasurer is also to publish, in two consecutive issues of the official newspaper of the City of Long Beach, a notice listing the unpaid taxes, a warning that if the taxes are not paid the property will be sold, and a date for such sale (City of Long Beach Charter § 114-a). Thereafter, the city treasurer is to publish once per week for a period of six consecutive weeks a notice of the sale (City of Long Beach Charter § 114-b). The Charter contains no provision for actual notice of the tax lien sale. If the taxes, together with additional costs and interest, are not paid, the property is sold (see, City of Long Beach Charter § 114-d).

The Charter also affords the property owner an opportunity to redeem the property within 12 months of the date of the tax sale (City of Long Beach Charter § 116). The notice of redemption may be given at any time after the expiration of nine months from the date of the sale, and the last day for redemption shall not be less than three months from the date of service of the notice.

The notice is to be served by registered mail, return receipt requested, and addressed to the property owner's "last known address" or "last reputed place of residence" as listed in the records of any of four designated government departments

(City of Long Beach Charter § 117 [a], [b]). Finally, in the event the property is not redeemed, the city treasurer is authorized to convey the property to the purchaser. Every such conveyance is deemed presumptively regular and according to law (City of Long Beach Charter § 118).

Turning to the instant case, in July 1976 the plaintiff purchased a parcel of vacant land which was located in the City of Long Beach. During the 1979-1980 fiscal year the plaintiff failed to pay city real estate taxes. Thus, the city commenced enforcement proceedings for the unpaid taxes pursuant to the Charter. The city attempted to sell the lien at auction on June 2, 1980, but received no bids. Therefore, the city purchased the lien. Subsequently, on June 19, 1981, the city attempted to serve plaintiff with a notice of redemption. However, the notice was returned to the city stamped "RE-TURNED TO SENDER", and "Moved, not forwardable". There is no indication in the record that the city made any further attempts to serve the notice of redemption upon the plaintiff. Thereafter, on October 13, 1981, the defendant Harrington, as Treasurer of the City of Long Beach, issued a deed conveying the property to the city. On June 16, 1982, the city tendered a deed to the property to the defendant Nesim Pinto pursuant to a tax auction. The plaintiff subsequently commenced the instant action and moved for summary judgment on the ground, *inter alia,* that the challenged provisions of the Charter are unconstitutional. The Supreme Court, Nassau County, denied the motion and granted summary judgment to the defendants.

In our view, the December 23, 1987 decision in *Matter of McCann v Scaduto* (71 NY2d 164) is dispositive of the constitutional question raised herein. In that case, the Court of Appeals examined the constitutionality of the notice aspects of the former real estate tax collection enforcement provisions of the Nassau County Administrative Code, which were substantially similar to the provisions of the Charter of the City of Long Beach challenged in the instant action. Reasoning that tax lien sales "create immediate, substantial adverse consequences for the property holder", a majority of the court concluded that the statutory scheme providing for constructive notice of the sale by publication was constitutionally infirm because "where the interest of a property owner will be substantially affected by an act of government, and where the owner's name and address are known, due process requires that *actual notice* be given" *(Matter of McCann v Scaduto, supra,* at 176 [emphasis supplied]).

The *McCann* decision compels the conclusion that the provisions for giving notice of the sale contained in the Charter of the City of Long Beach are unconstitutional, inasmuch as they fail to provide for actual notice to the property owner and authorize instead mere notice by publication. Indeed, as the Court of Appeals noted: "[t]he realities of our complex, mobile society are fundamentally inconsistent with a statutory scheme premised on constructive notice as the means of informing known property owners of events which hasten the ultimate forfeiture of their homes, with no opportunity for court intervention, when they can so easily and inexpensively be advised by letter" *(Matter of McCann v Scaduto, supra,* at 178). Moreover, the mere fact that the City of Long Beach Charter § 117 provides for notice of redemption by mail three months in advance of the contemplated forfeiture does not remedy the constitutional infirmity because, as the Court of Appeals observed with respect to a similar provision: "notice which does not afford a realistic opportunity to produce the funds necessary to avoid forfeiture of the title or sell the encumbered property does not afford due process. The truncated three-month period would in any event be troubling as satisfying the due process notice requirement, particularly where very large surpluses are at stake" *(Matter of McCann v Scaduto, supra,* at 178).

Inasmuch as the present case was "still in the normal litigating process" *(Gager v White,* 53 NY2d 475, 483) at the time *Matter of McCann v Scaduto (supra)* was decided, reversal is appropriate *(see, Matter of McCann v Scaduto, supra,* at 178).

In view of the foregoing, we do not consider the plaintiff's remaining contentions. Lawrence, J. P., Rubin, Spatt and Sullivan, JJ., concur.