OPINION OF THE COURT
John S. Lockman, J.
In this proceeding pursuant to CPLR article 78, petitioners *322 seek an order annulling respondents’ denial of their application to redeem certain real property sold at a tax sale.
Petitioners are former titleholders to premises recorded as school district 31, section 43, block 90, lots 147 and 149, by virtue of a deed dated and recorded on May 5, 1969. At a tax sale on February 21, 1978 the respondent County of Nassau acquired tax lien certificates numbered 2754 and 2755 for unpaid school and general taxes. In July of 1987, respondent Scaduto, Treasurer of the County, executed tax deeds to the county for lots numbers 147 and 149, covered by the aforementioned tax liens. The county conveyed to respondents Fantozzi in April of 1988. Respondents Fantozzi conveyed to respondents Trapani and Janosek in August of 1988. Petitioners sought to redeem the property in November of 1988, and the County Treasurer denied petitioners’ application. Petitioners now seek review of the Treasurer’s decision pursuant to CPLR article 78, on the grounds the notice by publication only preceding the tax sale in July of 1987, denied petitioners due process.
Petitioners seek to void the above-noted transfers on the basis of Matter of McCann v Scaduto (71 NY2d 164), in which "the Court of Appeals declared that the former real estate collection enforcement provisions of the Nassau County Administrative Code were unconstitutional in that actual notice of tax lien sales was required” (Matter of Tref Realty Corp., 135 AD2d 862, 865). Respondents, moving to dismiss the petition, contend that the holding of McCann v Scaduto was expressly limited to prospective application only, with limited exceptions not applicable here, and since the tax sale at issue preceded the holding in McCann v Scaduto, it is not subject to challenge on the basis of defective notice.
Thus, the issue to be decided is, whether all tax deeds taken without prior written notice of sale to the delinquent titleholder existing at the time McCann v Scaduto (supra) was decided are invalid for defective notice, provided that the Statute of Limitations has not run.
McCann (supra) addressed two instances of retroactive application. The first concerned Mennonite Bd. of Missions v Adams (462 US 791) which held that notice by mail or other certain means to ensure actual notice is required to affect a mortgagee’s substantial property interest by tax sale. (Matter of McCann v Scaduto, 71 NY2d 164, 175, supra.) The Court of Appeals, relying on Mennonite Bd. of Missions for its decision *323 in McCann, rejected the respondent’s assertion there that Mennonite could be applied only prospectively from June 1983, and not retroactively to the subject tax lien sales which occurred prior to the Mennonite decision (Matter of McCann v Scaduto, supra, at 176, n 3).
In sharp contrast to its statement concerning Mennonite (supra) and its application to tax lien sales occurring before that decision, the court provided explicitly that McCann (supra) was to have prospective application only, citing, inter alia, Gager v White (53 NY2d 475, 483-484), which stated: "[C]onsonant with the common law’s policy-laden assumptions, a change in decisional law usually will be applied retroactively to all cases still in normal litigation] process * * * however, where there has been such sharp break in the continuity of law that its impact will 'wreak more havoc in society than society’s interest in stability will tolerate’ * * * a court may direct that it operate prospectively alone”. Regarding the applicability of its own decision in McCann (supra, at 178) declaring the Nassau County Code provision unconstitutional, and voiding the deeds and permitting the petitioners there to redeem their property, the court stated: "Recognizing that our declaration could have broad, unsettling effect on the marketability of otherwise settled titles to property, we conclude that our decision in these cases is to have no general retroactive application and shall apply only to cases where tax titles are ' "still in the normal litigating process” ’ (see, Gurnee v Aetna Life & Cas. Co., 55 NY2d 184, 191, quoting Gager v White, 53 NY2d 475, 483).” Notwithstanding the clear contrast between the application by the court of Mennonite (supra) where its definition of retroactive application would cover a case such as this, i.e., suit brought after a court decision based on an event prior to that decision, petitioners claim that they seek only a prospective application of Mc-Cann, since their suit was commenced after McCann was decided. Thus petitioners focus on the time of commencement of suit, rather than the time of the triggering event or the time the cause of action arose, as the controlling factor in determining whether the application of McCann is a "general retroactive application”.
Gurnee v Aetna Life & Cas. Co. (55 NY2d 184, supra) militates against petitioners’ contention that their case seeks only a "prospective” application of McCann (supra) because it was commenced after McCann. In Gurnee, full retroactivity affected "all claims not barred by the Statute of Limitations”, *324 precisely what petitioners need, but do not have here (supra, at 190). The petitioners in Gurnee (supra, at 191) had a claim "that arose before the [Kursics v Merchants Mut. Ins. Co. (49 NY2d 451)] decision was handed down”, and under "traditional retroactivity analysis” the decision in Kursics was accorded full retroactive effect. The court stated: "When all of the applicable criteria are considered, retroactive application of Kursics is mandated * * *. There is * * * no persuasive reason why this court’s construction of section 671 should not be held applicable to all claims that are not time-barred.” (Gurnee v Aetna Life & Cas. Co., 55 NY2d 184, 194, supra.) Thus, under McCann and Gurnee (supra) an event which occurred, or a cause of action which arose before the decision is not one which could be relied upon to commence suit, unless retroactive application was afforded.
Petitioner’s secondary argument contends that as long as the presumption of notice regularity remains rebuttable under the six-year Statute of Limitations, provided by section 5-54 of the Nassau County Administrative Code, an action commenced after McCann (supra), based on a tax sale prior to McCann, is "still in the normal litigati[on] process” and thus an exception to McCann’s prospective direction. (See, e.g., LVF Realty Co. v Harrington, 146 AD2d 607.) It is, however, clear that once the six-year Statute of Limitations had run, the court’s mandate of a prospective application to prevent societal havoc would have been unnecessary, as the Statute of Limitations itself would be a sufficient defense. Moreover, when the court wished to allow a claim not barred by the Statute of Limitations by retroactive application of a holding, it expressly and clearly so stated (see, Gurnee v Aetna Life & Cas. Co., 55 NY2d 184, supra).
Accordingly, as the petitioners’ cause of action arose before the McCann decision (supra), and was not "still in the normal litigati[on] process” at that time, the cross motion to dismiss the petition is granted.