■ GENERAL ACCIDENT INSURANCE, as Subrogee of CLARENCE BAKER, et al., Respondents, v JOSEPH ROBERTS et al., Appellants, and CLARENCE BAKER et al., Respondents. [699 NYS2d 158] —Mercure, J. Appeal from that part of an order of the Supreme Court (Dier, J.), entered September 11, 1998 in Washington County, which denied a motion by defendants Joseph Roberts and Cynthia Roberts, *inter alia*, for partial summary judgment dismissing the first and third causes of action of the complaint.

As of December 15, 1993, plaintiff had in effect a policy of automobile insurance covering defendants Clarence Baker and Helen Baker. On that date, the Bakers' automobile was involved in a collision with a farm tractor owned by defendants Joseph Roberts and Cynthia Roberts (hereinafter defendants). Clarence Baker, along with Michael Martin, Rose Wideawake and Gerald Wideawake, who were passengers in the Baker vehicle, all sustained personal injuries; plaintiff paid them first-party benefits (*see*, Insurance Law § 5102 [b]) totaling approximately $56,000. An action brought by the Bakers against defendants was settled for $200,000, paid by defendants' farmowner's insurer, Claverack Cooperative Insurance Company. In connection with the settlement, the Bakers executed a general release and their counsel signed a "Stipulation Discontinuing Action" which provided, among other things, that they would "satisfy all liens asserted in this matter from the settlement proceeds". A separate action brought by Martin against the Bakers and defendants was settled for $10,000, with the Bakers' and defendants' carriers each paying one half of that amount.

Plaintiff thereafter commenced this action to enforce its lien pursuant to Insurance Law § 5104 (b).* Defendants asserted an affirmative defense and cross claims grounded upon the agreement expressed in the stipulation discontinuing the

---

* Insurance Law § 5104 (b) provides in pertinent part: "In any action by or on behalf of a covered person, against a non-covered person, where damages for personal injuries arising out of the use or operation of a motor vehicle * * * may be recovered, an insurer which paid or is liable for first party benefits on account of such injuries has a lien against any recovery to the extent of benefits paid or payable by it to the covered person. No such action may be compromised by the covered person except with the written consent

Bakers' action to "satisfy all liens asserted in this matter" and, following joinder of issue, moved for summary judgment dismissing the first and third causes of action or granting judgment on their cross claims against the Bakers. Supreme Court denied the motion and defendants appeal.

We affirm. We first reject the contention that plaintiff is precluded from enforcing its lien because it failed to assert its rights at the time the Bakers settled their action with defendants. Plaintiff's lien was created by operation of law (*see,* Insurance Law § 5104 [b]) and attached the instant the settlement was made (*see, Dymond v Dunn,* 148 AD2d 56, 58). We also agree with Supreme Court's conclusion that questions of fact existed which precluded a grant of summary judgment in favor of defendants. In our view, the evidence submitted on the motion raises issues as to whether the Bakers' agreement merely encompassed liens of medical providers that had been already "asserted" at the time of the settlement and as to the portion of the settlement that reasonably represents compensation for basic economic loss (*see, Government Empls. Ins. Co. v Jacobson,* 98 AD2d 811, 813; *Aetna Cas. & Sur. Co. v Jackowe,* 96 AD2d 37, 45-46; *Matter of Celona v Royal Globe Ins. Co.,* 85 AD2d 635, 636).

The parties' remaining contentions need not be addressed.

Mikoll, J. P., Yesawich Jr., Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

---

of the insurer, or with the approval of the court, or where the amount of such settlement exceeds fifty thousand dollars."