EXPERIENCE HENDRIX LLC, a Washington Limited Liability Company; et al., Plaintiffs–Appellants,

v.

The JAMES MARSHALL HENDRIX FOUNDATION, a Washington corporation also known as The Jimi Hendrix Foundation; et al., Defendants–Appellees.

No. 05–36029.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2007.

Filed June 18, 2007.

John D. Wilson, Esq., Shilpa Bhatia, Esq., Wilson Smith Cochran & Dickerson, Karen Wetherell Davis, Esq., Elliott Ostrander & Preston, PC, Seattle, WA, for Plaintiffs–Appellants.

Melvyn J. Simburg, Esq., Simburg Ketter Sheppard & Purdy, James D. Nelson, Esq., Betts Patterson & Mines, PS, Jerret E. Sale, Esq., E. Pennock Gheen, Esq., Deborah L. Carstens, Barbara J. Rhoads–Weaver, Esq., Bullivant Houser Bailey, PC, Seattle, WA, for Defendants–Appellees.

Before: PREGERSON, FERGUSON, and IKUTA, Circuit Judges.

## MEMORANDUM *

■ Experience Hendrix, LLC and Authentic Hendrix, LLC (collectively, "Experience") claim they own the exclusive rights to publicize Jimi Hendrix's personality under the Washington Personality Rights Act ("WPRA"), Wash. Rev.Code § 63.60.030. Applying Washington conflict of law rules, we first determine there is an actual conflict between Washington and New York law because the WPRA recognizes a posthumous right of personality, while New York did not recognize such a right at the time of Jimi Hendrix's death in 1970. *See Stephano v. News Group Publ'ns, Inc.*, 64 N.Y.2d 174, 183, 485 N.Y.S.2d 220, 474 N.E.2d 580 (N.Y.1984); *Gurnee v. Aetna Life and Cas. Co.*, 55 N.Y.2d 184, 191–92, 448 N.Y.S.2d 145, 433 N.E.2d 128 (N.Y.1982).

■ Since an actual conflict exists, Washington choice of law rules direct us to determine which jurisdiction has the "most significant relationship" to a given issue, looking at the factors listed in Restatement (Second) of Conflict of Laws § 6 (1971). *See Seizer v. Sessions*, 132 Wash.2d 642, 649, 940 P.2d 261 (1997). The WPRA does not contain a statutory directive to apply Washington law to this case because it does not include a choice of law provision nor does the legislative history expressly indicate an intent that the WPRA apply to out-of-state facts. *See* Restatement (Second) of Conflict of Laws § 6(1) cmts. a–b (1971); *see also Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1147–49 (9th Cir.2002). Having considered the factors stated in Restatement (Second) of

Conflict of Laws § 6(2) (1971), and in light of the general rule that New York law should apply because it was the domicile of Jimi Hendrix at the time of his death, *see* Restatement (Second) of Conflict of Laws § 260 (1971), we conclude that New York has the most significant relationship to the intellectual property rights and the parties at issue here.

Because we conclude that New York law applies to this case and because we hold that no posthumous right of publicity existed in New York at the time of Jimi Hendrix's death, we affirm the district court's grant of partial summary judgment and its award of attorney's fees in favor of the James Marshall Hendrix Foundation. We therefore do not reach the Foundation's further argument that principles of collateral estoppel barred Authentic from bringing this action.

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided