OPINION OF THE COURT
Gary F. Knobel, J.
The threshold issues presented at the hearing on the petition at bar are (1) whether the May 10, 2011 Court of Appeals holding in Matter of Miguel M. (Barron) (17 NY3d 37 [2011]) should be applied “retroactively” in this proceeding pursuant to Mental Hygiene Law § 9.60 for assisted outpatient treatment (AOT) where the respondent’s records were obtained by the petitioner prior to the decision in Matter of Miguel M., and (2) if these medical records are not admissible pursuant to Matter of Miguel M., whether the petitioner’s expert could still testify at the AOT hearing about his examination of the patient and render an opinion regarding AOT for that patient.
There do not appear to be any reported decisions on either issue.
In Matter of Miguel M., the Court of Appeals held, in factually identical procedural circumstances to the instant proceeding, that psychiatric medical records obtained by a petitioner “state agency” for an AOT proceeding without the mentally ill patient’s authorization, or without prior notice to the patient, are obtained in violation the privacy rule of the Health Insurance Portability and Accountability Act (HIPAA) and consequently cannot be admitted into evidence at the court proceeding to compel assisted outpatient treatment.
The petition at bar seeks an order pursuant to Mental Hygiene Law § 9.60 compelling and authorizing assisted outpatient treatment for the respondent’s purported mental illness, schizoaffective disorder. It appears that the petition was filed after the Court of Appeals decision in Matter of Miguel M.
*872 During the August 16, 2011 hearing on the petition, the respondent’s attorney objected to the identification by petitioner’s expert and examining psychiatrist, Dr. Alexander Bardey, of the respondent’s records pertaining to her four hospitalizations in the psychiatric units of three different hospitals between February 2, 2009 and May 26, 2010. Moreover, respondent’s attorney further objected to any possible admission of those records into evidence based upon the recent Court of Appeals ruling in Matter of Miguel M. (Barron) (17 NY3d 37 [2011]). The petitioner’s attorney argued that Matter of Miguel M. did not apply in this proceeding since the subject records, despite being produced by the respective hospitals without the respondent’s authorization or any notice to the respondent, were furnished prior to the Court of Appeals’ issuance of Matter of Miguel M. on May 10, 2011.
The respondent’s attorney (along with petitioner’s attorney) also asked the court to proceed with the hearing, even if the records were inadmissible, and allow the petitioner’s expert to testify about his examination findings, and presumably his opinion as to whether the respondent should be compelled to receive assisted outpatient treatment.
This court, relying on Matter of Miguel M.’s holding, sustained respondent’s objection and prohibited Dr. Bardey from testifying any further on this matter until the adjourned date of the proceeding (August 23, 2011) for the purpose of allowing the parties to reach an accord on the medical record issue or to allow the petitioner an opportunity to subpoena the records. The court subsequently signed subpoenas for the subject hospital records. The records were not produced by August 23, 2011, and consequently the hearing was adjourned to September 6, 2011. Respondent’s attorney had still not seen the records by September 6, and was also on vacation that day, so the matter was again adjourned to September 13 and then September 27, 2011. The respondent has not moved to quash the subpoenas by written motion.
In view of the adjournment of the hearing, the court now takes the opportunity to formally reduce its oral rulings on the record into a written order and elaborate and specifically address the arguments made by respective counsel.
Assisted outpatient treatment for certain mentally ill individuals, who could function well in the community with supervision and treatment to hopefully avoid a relapse and further periods of hospitalization, were legislated by the state after *873 Kendra Webdale was tragically killed by a mentally ill man diagnosed with schizophrenia who pushed her off a subway platform (see Matter of William C., 64 AD3d 277, 279, 286 [2009]). Commonly known as Kendra’s Law, Mental Hygiene Law § 9.60 “provides a framework for the judicial authorization of involuntary outpatient treatment programs for persons suffering from mental illnesses [and] requires those persons who have a history of medication noncompliance and decompensation to receive mental health services, or else face involuntary commitment” (Matter of William C. at 279).
“Kendra’s Law was thus adopted in an effort to ‘restore patients’ dignity, and . . . enable mentally ill persons to lead more productive and satisfying lives’ (L 1999, ch 408, § 2), while at the same time reducing the risk of violence posed by mentally ill patients who refuse to comply with necessary treatment” (Matter of K.L., 1 NY3d 362, 367 [2004]).
“Before a court may issue an order for assisted outpatient treatment, the statute requires that a hearing be held at which a number of criteria must be established, each by clear and convincing evidence” (id.). For example, the court must find that the patient
“(4) has a history of lack of compliance with treatment for mental illness that has [either]:
“(i) ... at least twice within the last [36] months been a significant factor in necessitating hospitalization . . . ; or
“(ii) . . . resulted in one or more acts of serious violent behavior toward self or others . . . within the last [48] months . . . ; and . . .
“(6) in view of [the patient’s] treatment history and current behavior, is in need of assisted outpatient treatment in order to prevent a relapse or deterioration which would be likely to result in serious harm to the [patient] or others” (Mental Hygiene Law § 9.60 [c] [4], [6]).
The holding by the Court of Appeals in Matter of Miguel M. must be applied retroactively to “pending cases” (see Gersten v 56 7th Ave. LLC, 88 AD3d 189 [1st Dept 2011]).
“In the seminal case of Gurnee v Aetna Life & Cas. Co. (55 NY2d 184 [1982], cert denied 459 US 837 [1982]), the Court of Appeals adopted the three-pronged test announced by the U.S. Supreme Court *874 in Chevron Oil Co. v Huson (404 US 97 [1971]), for determining whether a ruling should be applied prospectively only. ‘ “First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed” ’ (55 NY2d at 192, quoting Chevron Oil Co., 404 US at 106). Second, a court should consider the prior history of the rule and examine the impact of retroactive application on the rule’s purpose (id.). Third, any inequity that would result from retroactive application should be considered (id.).” (Gersten v 56 7th Ave. LLC, 88 AD3d at 196-197.)
The facts and holding of Matter of Miguel M. do not satisfy the first prong of the Gurnee three-prong test. Matter of Miguel M. did not represent an “abrupt shift” in controlling case law but instead represented the Court’s first opportunity to interpret the privacy rule in HIPAA in conjunction with the disclosure of medical records for proceedings held pursuant to the Mental Hygiene Law. “A judicial decision construing the words of a statute . . . does not constitute the creation of a new legal principle” (Gurnee v Aetna Life & Cas. Co., 55 NY2d 184, 192 [1982]). Consequently, since the first prong of the test has not been met, the second and third prongs need not be analyzed (see Gersten v 56 7th Ave. LLC, supra). Accordingly, the respondent’s medical records which were originally obtained without her authorization and without the court’s written permission are inadmissible.
Turning then to the joint argument by the parties’ attorneys that Dr. Bardey can still testify about his examination of the respondent and that his testimony about the examination would, in essence, be a sufficient basis upon which this court can order assisted outpatient treatment for the respondent, the court finds this argument to be without merit. It is well “settled and unquestioned law that opinion evidence must be based on facts in the record or personally known to the witness.” (Cassano v Hagstrom, 5 NY2d 643, 646 [1959].) Here Dr. Bardey would not be able to testify about the respondent’s history of lack of compliance with treatment for her mental illness since these records are not in evidence. The respondent’s history is a critical factor in determining whether the respondent meets the criteria for assisted outpatient treatment under Mental Hygiene *875 Law § 9.60. Thus, the absence of any medical history in evidence would render “the attempted [testimonial] opinion [by Dr. Bardey to be] worthless as evidence” (Cassano v Hagstrom at 646).
Accordingly, the court finds that the petitioner must properly obtain respondent’s medical records either by court order or by respondent’s permission, and the petitioner’s expert cannot testify in this proceeding until those records are properly obtained.