■ AMY ROBERTS et al., Respondents, v TISHMAN SPEYER PROPERTIES, L.P., et al., Defendants, and METROPOLITAN INSURANCE AND ANNUITY COMPANY et al., Appellants. [932 NYS2d 45]—

In January 2007, plaintiffs commenced this action (*Roberts v Tishman Speyer Props., L.P.*, 62 AD3d 71, 73 [2009] [*Roberts I*], *affd* 13 NY3d 270 [2009]). In the complaint, plaintiffs contended they represented a class of "all persons who are or were, or become, residential tenants of Stuyvesant Town and Peter Cooper Village who have signed or will sign a market lease or any lease other than a Rent Stabilized lease for any period during which Defendants (and any successors or assigns) were receiving or are scheduled to receive real estate tax benefits under New York City's J-51 program." Plaintiffs sought a declaration that Stuyvesant Town and Peter Cooper Village remain subject to rent stabilization as long as defendants receive J-51 tax benefits; plaintiffs also sought the difference between their rents and rent-stabilized rents for the four-year period preceding the commencement of their action. They estimated their damages at not less than $215 million.

In *Roberts v Tishman Speyer Props., L.P.* (13 NY3d 270 [2009] [*Roberts II*]), the Court of Appeals set out defendants' position as "[defendants] moved to dismiss the complaint for failure to state a cause of action, arguing that the RRRA's exception to deregulation for apartments that 'became or become' subject to the RSL 'by virtue of' receiving J-51 tax benefits did not apply to the properties because they did not 'become subject to' the RSL 'by virtue' of the receipt of J-51 tax benefits. Rather, the apartment complex 'became subject to rent stabilization in or prior to 1974,' nearly two decades before MetLife [i.e., Met Insurance and Met Tower] first received J-51 benefits" (13 NY3d at 282-283).

Supreme Court originally dismissed the complaint, but this Court unanimously reversed (*Roberts I*, 62 AD3d at 75). The Court of Appeals affirmed (*Roberts II*, 13 NY3d at 280, 287). MetLife has now moved to dismiss, arguing that *Roberts II* should not be applied retroactively.

The motion court properly gave retroactive effect to *Roberts II*. The motion court rejected MetLife's argument that retroactive application of *Roberts II* would violate due process: "MetLife's argument is based upon its assertion that the Decision was unforeseen . . . [T]he Decision was not unforeseen

. . . Therefore, the retroactive application of the Decision is neither 'unexpected and indefensible to the law as it then existed' nor an 'arbitrary change[ ] in the law' " (citations omitted). The background or default rule is that judicial decisions have retrospective effect (*see e.g. Harper v Virginia Dept. of Taxation*, 509 US 86, 94 [1993]; *Gurnee v Aetna Life & Cas. Co.*, 55 NY2d 184, 191 [1982], *cert denied* 459 US 837 [1982]). Prospective application is an exception which should not be permitted to swallow the rule (*see People v Favor*, 82 NY2d 254, 263 [1993]).

"The threshold question . . . is whether [the case whose retroactivity is at issue] is really a 'new' rule of law at all" (*Favor*, 82 NY2d at 262-263; *see also Matter of Americorp Sec. v Sager*, 239 AD2d 115, 117 [1997], *lv denied* 90 NY2d 808 [1997] [*"Before reaching any of [the three] factors*, the threshold question of whether the ruling at issue is really a new rule of law at all must be answered" (emphasis added)]). " 'A judicial decision construing the words of a statute . . . does not constitute the creation of a new legal principle' " (*Pachter v Bernard Hodes Group, Inc.*, 10 NY3d 609, 616 n 3 [2008], quoting *Gurnee*, 55 NY2d at 192; *see also People v Hill*, 85 NY2d 256, 261-262 [1995] ["Since (the case whose retroactivity was in question) construed the words of a statute, it established no new legal principle . . . The construction of a statute is . . . the exercise of determining the intent of the Legislature when the act was passed"]).

Defendants claim that "the requirement that a decision announce a new principle of law is not a threshold requirement to the three-prong *Gurnee* test." This ignores the clear language of *Favor* (82 NY2d at 262) and *Americorp* (239 AD2d at 117).

Defendants note that when the *Favor* Court quoted *Gurnee*, the Court said, " '[a] judicial decision construing the words of a statute [*for the first time*] does not constitute the creation of a new legal principle' " (82 NY2d at 263 [emphasis added]). Defendants contend that *Roberts II* should not be deemed a first-time construction of a statute because it overruled established Division of Housing and Community Renewal (DHCR) precedent. However, both *Favor* and *Gurnee* talk of *judicial decisions* construing a statute. A DHCR opinion letter or regulation is not a judicial decision. In addition, when the Court of Appeals more recently quoted *Gurnee* in *Pachter* (10 NY3d at 616 n 3), it did not add "for the first time." Similarly, *Hill*, which postdates *Favor*, did not add the "first time" requirement (85 NY2d at 262).

It is true that courts sometimes engage in a tripartite analysis even after deciding that the case whose retroactivity is at issue did not establish a new rule of law (*see e.g., Americorp*, 239

AD2d at 117-118). However, in *Pachter*, the Court of Appeals rejected the defendant's "argument that our conclusion should be applied prospectively only" without further analysis (10 NY3d at 616 n 3). Concur—Tom, J.P., Saxe, Catterson, Moskowitz and Manzanet-Daniels, JJ.

---

Motion to supplement record granted.