[953 NYS2d 28]

In the Matter of LONDON TERRACE GARDENS, L.P., Appellant, v CITY OF NEW YORK et al., Respondents.

LONDON TERRACE GARDENS, L.P., Appellant, v CITY OF NEW YORK et al., Respondents.

First Department, October 23, 2012

APPEARANCES OF COUNSEL

*Borah, Goldstein, Altschuler Nahins & Goidel, P.C.*, New York City (*Robert D. Goldstein, Richard M. Goldstein, Harry Frischer* and *Paul N. Gruber* of counsel), for appellant.

*Jeffrey D. Friedlander, Acting Corporation Counsel*, New York City (*Joshua M. Wolf, Paul T. Rephen* and *Vincent D'Orazio* of counsel), for the City of New York and New York City Department of Housing Preservation and Development, respondents.

*Eric T. Schneiderman, Attorney General*, New York City (*Sudarsana Srinivasan* and *Michael S. Belohlavek* of counsel), for New York State Division of Housing and Community Renewal, respondent.

## OPINION OF THE COURT

ABDUS-SALAAM, J.

Petitioner/plaintiff London Terrace Gardens, L.P., seeks to rescind its participation in the City's J-51 tax incentives program following the Court of Appeals decision in *Roberts v Tishman Speyer Props., L.P.* (13 NY3d 270 [2009]). That decision held that the owners of rent-stabilized apartments in New York City "[are] not entitled to take advantage of the luxury decontrol provisions of the Rent Stabilization Law (RSL) [Administrative Code of City of NY § 26-501 *et seq.*] while simultaneously receiving tax incentive benefits under the City of New York's J-51 program" (*id.* at 280). This Court has given retroactive effect to *Roberts* (*see Roberts v Tishman Speyer Props., L.P.*, 89 AD3d 444 [1st Dept 2011]; *Gersten v 56 7th Ave. LLC*, 88 AD3d 189, 198 [1st Dept 2011]).

This proceeding and plenary action were commenced after defendant New York City Department of Housing Preservation and Development (HPD) refused London Terrace's offer to "unwind" its J-51 arrangement with HPD and to tender repayment of all J-51 benefits, in consideration for which HPD would deem the certificates granting tax abatement benefits to be void and of no effect, thereby nullifying its prior determination of eligibility for J-51 benefits. Petitioner/plaintiff proposed that HPD declare that London Terrace "is no longer subject to the provisions of the J-51 program, including but not limited to any

rent regulatory provisions contained therein." The "unwinding" agreement would be conditioned upon entry of a final order and judgment by a court of competent jurisdiction, "directing and binding DHCR to treat [London Terrace] as subject to no other rent stabilization laws and requirements than would have been applicable had [London Terrace] never been granted J-51 benefits, with said order and judgment being binding upon the tenants as well." HPD took the position that there is no provision for voluntary withdrawal, and that rescission is not effective.

London Terrace's argument in support of rescission is that the Court of Appeals decision makes it clear that the J-51 arrangement was based on a mutual mistake of the law on the part of London Terrace, the City and HPD, and that London Terrace would not have applied for such benefits if, as a result of receiving the benefits, it would be precluded from exercising luxury decontrol. There is no provision in the J-51 program for unilateral withdrawal from the program or for repaying the tax benefits in exchange for rescission from the program nunc pro tunc (*see generally* RPTL 489; Administrative Code of City of NY § 11-243). On the contrary, the Rules of the City of New York provide that "rent regulation [requirements] shall not be terminated by the waiver or revocation of tax benefits" (28 RCNY 5-03 [f] [3] [ii]). London Terrace asserts that it is not seeking a waiver of previously accepted benefits but instead, a finding that the benefits are deemed void ab initio. Still, in practical effect, under the guise of rescission, London Terrace is seeking a waiver, which is not permitted under the Rules of the City of New York.

Putting aside the semantics of whether London Terrace is seeking a waiver under the cloak of rescission, the remedy of rescission is not available here. The J-51 program is a tax benefit program—there is no contract or agreement to rescind (*see* RPTL 489; *Wisconsin & Michigan R. Co. v Powers*, 191 US 379 [1903] [Act providing tax exemption to encourage building and operation of railroads did not establish a contract between railway and state]). London Terrace's reliance on *Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.* (81 NY2d 446 [1993]) is misplaced. In *Gould*, a teacher submitted her resignation and the school board accepted it, "all premised on a mutual mistake of fact as to a critical element: that [the teacher] was only a probationary employee" (81 NY2d at 453). As explained in *Gould*, a contract is voidable and subject

to rescission where there has been a mutual mistake of fact, "[t]he idea [being] that the agreement as expressed, in some material respect, does not represent the 'meeting of the minds' of the parties" (81 NY2d at 453 [citations omitted]). Here, there is no mutual mistake of fact.

█ Furthermore, even though the Division of Housing and Community Renewal (DHCR), and perhaps also HPD, were under the same mistaken interpretation of the Rent Stabilization Law as was London Terrace prior to the Court of Appeals decision in *Roberts*, that interpretation is entirely unrelated to HPD's confirmation of London Terrace's eligibility for the J-51 program. As indicated in the J-51 certificates issued by HPD, the presence of decontrolled units was relevant to HPD in determining *the amount* of J-51 benefits to be provided. Thus, any mistake as to the law by HPD regarding whether units could be decontrolled while receiving J-51 benefits was immaterial to HPD's decision to accept London Terrace into the J-51 program. Moreover, "CPLR 3005 'does not permit a misreading of the law by any party to cancel an agreement' (Siegel, Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 7B, CPLR 3005, at 621)" (*Symphony Space v Pergola Props.*, 88 NY2d 466, 485 [1996], citing *Mercury Mach. Importing Corp. v City of New York*, 3 NY2d 418 [1957] [under Civil Practice Act § 112-f, the predecessor statute to CPLR 3005, taxpayers were denied reimbursement for taxes paid under law subsequently held to be unconstitutional]), nor is it a basis for granting London Terrace the relief of rescission from the J-51 program.

█ Finally, London Terrace fails to state a cause of action under the Due Process and Takings Clauses of the United States Constitution, or pursuant to 42 USC § 1983. London Terrace alleges that without rescission, "it will have surrendered a valuable statutory right [to receive luxury decontrol], without having had an opportunity to know what the law is and to conform conduct accordingly as required by the United States Constitution." However, this Court has held that the Court of Appeals decision in *Roberts* construed a statute and did not create a new legal principle (89 AD3d 444, 446 [2011]; *Gersten v 56 7th Ave. LLC*, 88 AD3d 189, 198 [2011]). In *Roberts* (*id.* at 445-446), we agreed with the motion court's assessment that retroactive application of the Court of Appeals decision in *Roberts* would not violate due process because it was not unforeseen or an arbitrary change in the law. While London Terrace attempts to distinguish *Roberts* and *Gersten* because in those cases, in contrast to

London Terrace, which entered the program in 2003, the owners had entered the J-51 program before the DHCR enacted its regulation in 2000, judicial construction of a statute which invalidates a regulation promulgated by an agency does not create a new legal principle (*Gurnee v Aetna Life & Cas. Co.*, 55 NY2d 184, 192 [1982]).

Accordingly, the order of the Supreme Court, New York County (Judith J. Gische, J.), entered May 6, 2011, which, inter alia, granted respondents/defendants' motions to dismiss the petition brought pursuant to CPLR article 78 and the plenary action, should be affirmed, without costs.

TOM, J.P., MAZZARELLI, MOSKOWITZ and RENWICK, JJ., concur.

Order, Supreme Court, New York County, entered May 6, 2011, affirmed, without costs.