█ FRANK MANDARINO, Respondent, v TRAVELERS PROPERTY CASUALTY INS. Co., Appellant. [831 NYS2d 452]—

In an action, inter alia, to recover no-fault medical payments, the defendant appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated October 3, 2005, which affirmed so much of an order of the Civil Court, Kings County (Spodek, J.), entered September 1, 2004, as denied that branch of its cross motion which was for summary judgment dismissing the complaint as time-barred.

Ordered that the order dated October 3, 2005 is affirmed, with costs.

The plaintiff is a chiropractor who provided treatment to three individuals injured in a 1997 automobile accident. Prior to receiving treatment, the patients assigned the plaintiff their right to recover first-party medical benefits from the defendant insurance company. In the fall of 1997 the defendant paid a portion of the plaintiff's bills, but denied full payment on the ground that the amounts billed were in excess of the fee schedule and reasonable and customary charges. More than five years later, the plaintiff commenced this action seeking the balance due on the subject bills. The defendant subsequently crossmoved, inter alia, for summary judgment dismissing the complaint contending that the action was time-barred by the three-year statute of limitations which applies to obligations created by statute (*see* CPLR 214 [2]). The Civil Court, inter alia, denied that branch of the cross motion, finding that the action was governed by the six-year statute of limitations applicable to contractual obligations (*see* CPLR 213 [2]), and the Appellate Term affirmed that portion of the order. We agree that the six-year statute of limitations applies to this action, and thus the Civil Court properly denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint as time-barred.

We begin our analysis by considering the language of the relevant statutory provisions. CPLR 213 (2) provides a six-year statute of limitations where the plaintiff's action is one based "upon a contractual obligation or liability, express or implied

. . . " By contrast, CPLR 214 (2) provides a three-year statute of limitations where the action is "to recover upon a liability, penalty or forfeiture created or imposed by statute *except as provided in sections 213* and 215" (emphasis added). Thus, as a matter of strict statutory interpretation, where the plaintiff's action is based upon *both* a "contractual obligation or liability" *and* upon a "liability, penalty or forfeiture created or imposed by statute," the longer, six-year statute of limitations, as provided in CPLR 213 (2), is applied to the exclusion of the three-year statute of limitations provided in CPLR 214 (2).

Here, the plaintiff's action is premised on the terms of a contract for automobile liability insurance. Although the relevant terms of such contracts are mandated by various provisions of the Insurance Law, we find that the six-year statute of limitations provided in CPLR 213 (2) applies to the exclusion of the three-year statute of limitations provided in CPLR 214 (2). Our statutory interpretation is confirmed by case law. In *Gurnee v Aetna Life & Cas. Co.* (55 NY2d 184, 193 [1982], *cert denied* 459 US 837 [1982]), the Court of Appeals recognized, albeit in dicta, that the six-year statute of limitations, as provided in CPLR 213, applied to a cause of action based upon wrongfully withheld first-party benefits. This Court has followed that rule in the past on the theory that a no-fault claimant's right (or that of his or her assignee) to recover first-party benefits derives primarily from the terms of the relevant contract of insurance (*see Hanover Ins. Co. v Fleisher*, 96 AD2d 881, 882 [1983]; *Nahmias v Merchants Mut. Ins. Co.*, 91 AD2d 680 [1982]; *see also Matter of New York Cent. Mut. Fire Ins. Co. v Czumaj*, 9 AD3d 833, 835 [2004] [4th Dept, Green and Scudder, JJ., dissenting]; *Benson v Boston Old Colony Ins. Co.*, 134 AD2d 214 [1987]; *Micha v Merchants Mut. Ins. Co.*, 94 AD2d 835 [1983]). These cases demonstrate that the inclusion of terms in an insurance contract, which might be mandated by various statutes or regulations, does not necessarily alter the fundamentally contractual nature of the dispute between the insured (or his or her assignee), on the one hand, and his or her "no-fault" insurer, on the other hand.

We reject the defendant's contention that the Court of Appeals' decision in *Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.* (89 NY2d 214 [1996]) (hereinafter *MVAIC v Aetna*) requires us to apply the three-year limitations period set forth in CPLR 214 (2). *MVAIC v Aetna* is distinguishable from the present case because it did not involve a claim asserted by an insured (or his or her assignee) directly against his or her no-fault insurer. In that case, Aetna denied coverage under an

automobile liability policy, claiming that the policy had been cancelled prior to the subject accident. After paying no-fault benefits to the claimants, the Motor Vehicle Accident Indemnification Corporation (MVAIC) sought to recoup those payments from Aetna by demanding arbitration pursuant to Insurance Law § 5105 (a) and (b). In seeking recoupment, MVAIC asserted a right of action against Aetna that, in addition to being unknown at common law, could not properly be viewed as arising out of any contract. Indeed, Aetna and MVAIC had no contract between themselves. It was under these circumstances that the Court of Appeals held that MVAIC's claim was governed by the three-year statute of limitations provided in CPLR 214 (2) (*see* 89 NY2d at 221).

We also reject the defendant's claim that *MVAIC v Aetna* can be viewed as having overruled *Gurnee v Aetna Life & Cas. Co.* (*supra*), and the cases which have relied upon *Gurnee* in applying a six-year limitations period to claims asserted by an insured against a carrier for no-fault benefits. Notably, in *MVAIC v Aetna*, the Court of Appeals did not expressly overrule *Gurnee* although that case was brought to the Court's attention by counsel. Furthermore, in *MVAIC v Aetna* the Court of Appeals did not implicitly or explicitly overrule *Micha v Merchants Mut. Ins. Co.* (*supra*), and *Hanover Ins. Co. v Fleisher* (*supra*).

The defendant's reliance upon *Aetna Life & Cas. Co. v Nelson* (67 NY2d 169 [1986]) (hereinafter *Aetna Life v Nelson*), is also misplaced. In that case, the injured claimants had successfully recovered first-party benefits from their insurance carrier, Aetna Life, based on injuries suffered in a one-car accident. They later obtained a judgment against the State of New York in the Court of Claims, a judgment that was in part duplicative of the first-party benefits awarded to them by Aetna Life. Accordingly, Aetna Life sought to enforce a lien on that judgment in order to recoup its payment of first-party benefits, and also in order to obviate what would otherwise be a "double recovery" by the no-fault claimants. In arguing that its claim was not time-barred, Aetna Life relied upon the "residual" six-year statute of limitations set forth in CPLR 213 (1), and did not argue that its claim sounded in contract. In finding that the applicable statute of limitations was the three-year term provided in CPLR 214 (2), the Court of Appeals noted that the right to recoupment being pursued by Aetna Life was "made available to [it] pursuant to Insurance Law § 673 (2) [currently section 5104 (b)]" (67 NY2d at 175).

In contrast to *MVAIC v Aetna* and *Aetna Life v Nelson*, the instant case involves a dispute between the defendant, an

insurer, and the plaintiff, an insured's assignee, regarding the recovery of no-fault benefits under the terms of an insurance policy. Although the terms of the insurance policy may be mandated by various provisions of the Insurance Law, this does not alter the fact that the dispute is fundamentally contractual in nature and not a creature of statute. Accordingly, the six-year statute of limitations set forth in CPLR 213 (2) applies to this action, and the Appellate Term properly affirmed so much of the Civil Court's order denying that branch of the defendant's cross motion which was for summary judgment dismissing the complaint as time-barred (*see Gurnee v Aetna Life & Cas. Co., supra*). Rivera, J.P., Krausman, Goldstein and Lunn, JJ., concur.