■ In the Matter of ELRAC, INC., Doing Business as ENTERPRISE RENT A CAR, Appellant, v SHARI SUERO et al., Respondents. [831 NYS2d 475]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from a judgment of the Supreme Court, Queens County (Rios, J.), entered July 13, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The respondents were passengers in a vehicle owned by the petitioner, ELRAC, Inc., doing business as Enterprise Rent a Car (hereinafter ELRAC), a self-insured car rental company, and operated by a nonparty to whom the vehicle had been rented. The subject vehicle was involved in a collision with an uninsured motorist and, approximately 3½ years later, the

respondents served ELRAC with a demand for arbitration. ELRAC commenced this proceeding to permanently stay arbitration on the ground that the demand for arbitration was time-barred under the applicable three-year statute of limitations (*see* CPLR 214 [2]). The Supreme Court, upon determining that the claim was governed by the six-year statute of limitations contained in CPLR 213 (2), denied the petition and dismissed the proceeding. We affirm.

From an injured claimant's perspective, "[t]he right to obtain uninsured motorist protection from a self-insurer is no less than the corresponding right under a policy issued by an insurer" (*Matter of Country-Wide Ins. Co. [Manning]*, 96 AD2d 471, 472 [1983], *affd* 62 NY2d 748 [1984]; *see Matter of Allstate Ins. Co. v Shaw*, 52 NY2d 818, 820 [1980]). ELRAC contends that while an injured claimant unquestionably has six years to assert an uninsured motorist claim against an insured owner's carrier (*see e.g. Jenkins v State Farm Ins. Co.*, 21 AD3d 529, 530 [2005]), that person has only three years to assert an identical claim against a self-insured owner. We disagree. The respondents' claim for uninsured motorist benefits against a self-insured vehicle owner, while statutorily mandated, remains "contractual rather than statutory in nature" (*Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Evans*, 95 AD2d 470, 472 [1983]; *cf. Matter of De Luca [Motor Veh. Acc. Indem. Corp.]*, 17 NY2d 76, 79 [1966]) and, as such, is subject to the six-year statute of limitations (*see Matter of New York City Health & Hosps. Corp. [Degorter]*, 133 Misc 2d 93, 97 [1986]). Accordingly, the petition was properly denied, and the proceeding was properly dismissed. Crane, J.P., Krausman, Fisher and Dickerson, JJ., concur.