OPINION OF THE COURT
Memorandum.
Ordered that the order is modified by providing that the branches of defendant’s motion seeking to dismiss the $540 claim (dates of service Feb. 1, 2001-Feb. 26, 2001), the $630 claim (dates of service Mar. 2, 2001-Mar. 31, 2001), and the $540 claim (dates of service Apr. 3, 2001-Apr. 24, 2001) are denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved, by order to show cause, to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that the action was barred by the statute of limitations. The Civil Court granted the motion, and this appeal by plaintiff ensued.
A defendant moving for dismissal on statute of limitations grounds bears the initial burden of establishing, prima facie, that the time in which to sue has expired (see 6D Farm Corp. v Carr, 63 AD3d 903 [2009]; Island ADC, Inc. v Baldassano Architectural Group, P.C., 49 AD3d 815 [2008]). The time within which an action must be commenced is computed “from the time the cause of action accrued to the time the claim is interposed” (CPLR 203 [a]). In this case, the claim was interposed when the summons and complaint were filed on August 29, 2007 (CCA 400) and not, as defendant alternatively claims, on August 3, 2007 (the date of the summons and complaint) or on November 28, 2007 (the date of service on the New York State Department of Insurance). The parties agree that the six-year statute of limitations for contract actions is applicable to the instant case (CPLR 213 [2]; see Mandarino v Travelers Prop. Cas. Ins. Co., 37 AD3d 775 [2007]). Consequently, the statute of limitations bars any claim that accrued prior to August 29, 2001.
In order to make its prima facie showing, defendant was required, inter alia, to establish the date when the cause of ac *19 tion accrued (see Swift v New York Med. Coll., 25 AD3d 686 [2006]), i.e., when plaintiff possessed “a legal right to demand payment” (Matter of Prote Contr. Co. v Board of Educ. of City of N. Y., 198 AD2d 418, 420 [1993]). In the no-fault context, the cause of action accrues when payment of no-fault benefits becomes “overdue” (see Insurance Law § 5106 [a]; see also Benson v Boston Old Colony Ins. Co., 134 AD2d 214 [1987]; New Era Acupuncture, P.C. v MVAIC, 18 Misc 3d 139[A], 2008 NY Slip Op 50353[U] [App Term, 2d & 11th Jud Dists 2008]).
Upon a motion to dismiss pursuant to CPLR 3211 (a) (5), a court must take the allegations in the complaint as true and resolve all inferences in favor of the plaintiff (see Island ADC, Inc., 49 AD3d 815; Sabadie v Burke, 47 AD3d 913 [2008]). While plaintiff did not explicitly set forth in its complaint the date when each claim form was submitted or when each claim sought therein accrued, it averred that the accident occurred “on or about October 23, 2000,” that the claim forms in question were “timely submitted to the Defendant,” and that defendant “did not timely deny” the claims “nor did it timely request verification.” In moving to dismiss, defendant argued that even if all of plaintiffs assertions are true, the action is untimely.
Defendant was required to “either pay or deny the claims in whole or in part” within 30 days after the claim forms were received (see former Insurance Department Regulations [11 NYCRR] § 65.15 [g] [3]).
There are, therefore, two methods to compute the accrual date in the case at bar: the first is measured, in part, from the last date on which written notice of the accident must be given to the insurer, and the second is measured, in part, from the date the services were rendered. Since the accident occurred on or about October 23, 2000, and the action was commenced on August 29, 2007, it is clear that plaintiff does not benefit by using the first computation method.
Using the second computation method to ultimately arrive at the accrual dates, the calculations begin by determining when, at the latest, a claim form was required to be submitted for each service rendered. We note that the dates of the services for which plaintiff sought reimbursement ranged from October 27, 2000 through April 24, 2001. Plaintiff had 180 days from the date each service was rendered to timely submit a claim seeking reimbursement therefor, and defendant had 30 days from its receipt to either pay or deny such claim. Consequently, accepting the truth of plaintiffs allegations that it timely submitted *20 the claims and that defendant did not timely deny them, the accrual date, or the date that payment of no-fault benefits became overdue for each service for which reimbursement was sought, was, at the very latest, 210 days after each service was rendered, and plaintiff was required to bring its action within six years thereafter (CPLR 213 [2]). Accordingly, since this action was commenced on August 29, 2007, plaintiff was barred from seeking reimbursement for services rendered more than six years and 210 days prior to August 29, 2007. Upon a review of the complaint, we find that, while defendant’s motion to dismiss was properly granted as to the earlier claims, defendant did not meet its initial burden of demonstrating that the action was untimely with respect to the March 8, 2001 claim for $540 (dates of service Feb. 1, 2001-Feb. 26, 2001), the April 6, 2001 claim for $630 (dates of service Mar. 2, 2001-Mar. 31, 2001), and the May 8, 2001 claim for $540 (dates of service Apr. 3, 2001-Apr. 24, 2001). Although the dissenting Justice points to the fact that some of the claim forms submitted to defendant were “date stamped” as having been received by defendant’s claims management company on a certain date, and that such date should therefore represent the date from which the accrual of the cause of action could be computed, in the absence of an affidavit of defendant’s claims representative or of someone with personal knowledge of defendant’s standard practice and procedure explaining when and by whom such documents were date-stamped, we are not inclined to state definitively that a particular claim form was actually received by defendant on the date stamped and that such date would therefore represent the date from which to measure the accrual date. While under some circumstances, a date stamped on a document might be used to contradict the assertions made by a party offering such document, under the circumstances presented herein, we find no basis, as the dissenting Justice apparently does, to give defendant movant the benefit of using the date stamped on the documents in question in order to bolster defendant’s position. Indeed, a party could readily backdate any document to give the impression that is was received on a certain date were we not to require said party to attest to the underlying facts surrounding the stamping of the document. Furthermore, even if we were to consider such stamped document as indicative of the date of its receipt, we note that there is no date stamped on the March 8, 2001 claim for $540 (dates of service Feb. 1, 2001-Feb. 26, 2001). Accordingly, in our opinion, the order should be modified to the extent indicated.
*21 We note that plaintiffs argument that it was error for defendant to proceed by way of an order to show cause and for the Civil Court to sign the order to show cause is without merit. Nor is there merit to plaintiffs contention that defendant failed to lay a proper foundation for the exhibits attached to its motion papers, since it was proper for defense counsel to use his affirmation as the vehicle for the submission of the annexed documents in support of the relief requested (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]).
Golia, J. (dissenting in part and concurring in part and voting to affirm the order of the Civil Court in the following memorandum). While I agree with the majority in its determination that the Civil Court properly granted the branch of defendant’s motion seeking to dismiss the claims submitted by plaintiff which were dated from November 3, 2000 through February 9, 2001, I disagree with the majority in denying the branch of defendant’s motion seeking to dismiss the remaining claims submitted by plaintiff which were dated March 8, 2001, April 6, 2001 and May 8, 2001. My disagreement with the majority centers on the methodology it employed in analyzing this case. A recitation of the facts is necessary in order to understand how the majority reached its decision as well as why I dissent from the majority’s determination that dismissal of the aforementioned claims was not warranted.
The assignor, Mr. Ramirez, was injured in an auto accident on or about October 23, 2000. He was treated by plaintiff medical provider on numerous occasions from October 27, 2000 through April 24, 2001. Incidental to these treatments, plaintiff generated seven separate claim forms, with each claim form demanding payment for several dates of treatment. Each of these claim forms was dated after each month’s course of treatment and listed that month’s treatment on the form. For example, the earliest form was dated November 3, 2000, and contained a list of treatments dated October 27, 2000, October 30, 2000, and October 31, 2000. The last form was dated May 8, 2001, and contained a list of treatments dated April 3, 2001, April 6, 2001, April 10, 2001, April 18, 2001, April 20, 2001, and April 24, 2001, which is apparently the last treatment provided. Defendant made certain payments but did not pay for all the treatments and did not pay at the rate billed.
No action was taken by plaintiff for more than six years. Thereafter, on August 29, 2007, plaintiff filed a summons and complaint dated August 3, 2007 in the Civil Court. Service was *22 effectuated upon defendant on November 28, 2007, by service upon the New York State Department of Insurance. Defendant filed a timely answer in which it raised, among other defenses, the affirmative defense of the statute of limitations.
Defendant moved by order to show cause dated January 23, 2009 to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that the action was barred by the statute of limitations.
The Civil Court granted defendant’s motion by order entered February 18, 2009, which stated: “Upon the foregoing cited papers, the Decision/Order on Defendant’s Order to Show Cause, dismissing Plaintiffs Summons & Complaint with Prejudice, pursuant to CPLR 3211 (a) (5), is granted, because Plaintiffs complaint is time-barred by the Statute of Limitations.”
It is plaintiffs appeal from this order that creates the issues now before us. In order to reverse the motion court’s finding, this court must find that the Civil Court was in error and did not have reasonable grounds to support its decision.
It is uncontested that there were multiple claim forms submitted. Each form was dated, and each dated form contained a list of multiple dates on which the services were performed. These were simply a series of bills.
Clearly, plaintiff sent seven monthly claim forms dated November 3, 2000; December 5, 2000; January 9, 2001; February 9, 2001; March 8, 2001; April 6, 2001; and May 8, 2001. Furthermore, these claim forms billed for the prior month’s treatments and these claims were submitted to defendant on or about the date that they were generated.
This analysis is further supported by examining the claim forms, which were all submitted as an exhibit to defendant’s original motion. These forms were apparently “date stamped” by defendant’s claim management company and those “date stamps” are reasonably related to the date the claim form was generated. In this case, the very last claim form was dated May 8, 2001 for services provided from April 3, 2001 to April 24, 2001. The “date stamp” marking on that document, was May 18, 2001, which means that the claim would accrue on June 18, 2001 and that the statute of limitations would expire on June 18, 2007. These are actual dates of service and submission of the claim. There is no reason to add time as to unknown, simply a guess as to what might have been.
*23 The majority in its analysis does not address the fact that there are monthly billing statements, and does not acknowledge what actually occurred herein. Instead it chooses to postulate that if a covered service is provided on a certain date and there are no requests for verifications, then the latest date upon which a claim can be submitted to the insurer is 180 days after services are rendered or notice is given (see former Insurance Department Regulations [11 NYCRR] § 65.12) plus 30 days thereafter to pay or deny the claim (see former Insurance Department Regulations [11 NYCRR] § 65.15 [g] [3]). This totals 210 days before a claim is past due. While such analysis is a correct statement of the law, it fails to acknowledge the reality of the matter before us. Plaintiff, in its opposition papers, did not state that each of these claim forms was submitted on the last possible date. Indeed, plaintiff conveniently failed to address the issue of when the claim forms were submitted. This is an unusual omission, considering the fact that plaintiffs papers were in opposition to a motion by defendant to dismiss on the specific ground of timeliness, the failure of which should result in this court’s affirmance of the Civil Court’s order.
Under the current very relaxed requirement for no-fault cases, a plaintiff must nevertheless establish that it submitted its claim forms to the defendant. A plaintiff must do so either by affirmatively submitting proof of mailing (which will set a date) or by submitting defendant’s denial of claim form (which will set a date). Plaintiffs failure to establish such proof of mailing renders this action premature. If a date is set, then the action must be dismissed as untimely.
It is for these reasons that I find the analysis by the majority to be unsupported in fact or law. I further find that the Civil Court had sufficient proof in its examination of the claim forms to warrant a finding that the statute of limitations had expired.
Pesce, PJ., and Steinhardt, J., concur; Golia, J., dissents in part and concurs in part in a separate memorandum.