[961 NE2d 643, 938 NYS2d 252]

In the Matter of ELRAC, INC., Appellant, v BIRTIS EXUM, Respondent.

Argued November 15, 2011; decided December 13, 2011

## POINTS OF COUNSEL

*Carman, Callahan & Ingham, LLP*, Farmingdale (*Michael F. Ingham* of counsel), for appellant. I. The Workers' Compensation Law is the exclusive remedy in this case. (*Cifolo v General Elec. Co.*, 305 NY 209.) II. The cases cited in the Appellate Division decision are inapposite as none involve the Workers' Compensation Law. (*Matter of Allstate Ins. Co. v Shaw*, 52 NY2d 818; *Matter of New York City Tr. Auth. [Thom]*, 70 AD2d 158, 52 NY2d 1032; *Matter of Country-Wide Ins. Co. [Manning]*, 96 AD2d 471, 62 NY2d 748; *Matter of State Farm Mut. Auto. Ins. Co. v Amato*, 72 NY2d 288.) III. Where there is no uninsured motorist coverage from the inception, the time frame for filing a stay of arbitration is not applicable. (*Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264.)

*Robin Grumet*, New York City, and *Richard M. Kass* for respondent. I. The decision of the court below is consistent with the public policy of this State and the prior case law of this Court. (*Matter of Allstate Ins. Co. v Shaw*, 52 NY2d 818; *Matter of Country-Wide Ins. Co. [Manning]*, 96 AD2d 471, 62 NY2d 748; *Matter of New York City Tr. Auth. [Thom]*, 52 NY2d 1032; *Matter of State Farm Mut. Auto. Ins. Co. v Amato*, 72 NY2d 288.) II. Workers' Compensation Law § 11 is inapplicable as a bar to the within claim. (*Matter of Shutter v Philips Display Components Co.*, 90 NY2d 703; *Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152; *Matter of Amorosi v South Colonie Ind. Cent. School Dist.*, 9 NY3d 367; *Matter of Thomas v Bethlehem Steel Corp.*, 95 AD2d 118, 63 NY2d 150; *Cifolo v General Elec. Co.*, 305 NY 209.) III. Case law from other states, cited by appellant, is inapplicable to the facts and claim herein and is unpersuasive in this jurisdiction. (*Atlantic Mut. Ins. Co. v Goglia*, 44 AD3d 558.)

**OPINION OF THE COURT**

SMITH, J.

We hold that a self-insured employer whose employee is involved in an automobile accident may be liable to that employee for uninsured motorist benefits, notwithstanding the exclusivity provision of the Workers' Compensation Law.

Birtis Exum was an employee of Elrac, Inc. (a subsidiary of Enterprise Rent-A-Car Company). While driving, in the course of his employment, a car owned by Elrac, Exum was in an accident with another car, driven by a person without liability insurance. Elrac was self-insured, as allowed by Vehicle and Traffic Law § 370 (3), and thus had not obtained an insurance policy to cover the car Exum was driving.

Exum served a notice of intention to arbitrate on Elrac, seeking uninsured motorist benefits. Elrac petitioned to stay the arbitration. Supreme Court granted the petition, but the Appellate Division reversed, permitting the arbitration to proceed (*Matter of ELRAC, Inc. v Exum*, 73 AD3d 431 [1st Dept 2010]). The Appellate Division granted leave to appeal to this Court, and we now affirm.

Insurance Law § 3420 (f) (1) requires every policy of motor vehicle liability insurance to contain a provision requiring payment to the insured of all sums, up to $25,000 in the case of injury and $50,000 in the case of death, that the insured is entitled to recover as damages from the owner or operator of an uninsured motor vehicle. In *Matter of Allstate Ins. Co. v Shaw* (52 NY2d 818 [1980]), we considered the application of this requirement to self-insurers, and held that a self-insurer had the same liability for uninsured motorist coverage that an insurance company would have. We said that, by authorizing self-insurance, the Legislature "in no way intended to decrease the insurance protection presently available" (*id.* at 820).

The rationale of *Shaw* applies here. There is no policy reason why Exum's uninsured motorist protection should decrease because he happened to be driving the car of a self-insurer.

But there is a difference between this case and *Shaw*: here the person claiming uninsured motorist coverage was an employee of the self-insurer. It is undisputed that Exum was entitled to workers' compensation benefits from Elrac, and Elrac claims that he is therefore barred from recovering uninsured motorist benefits. Exum points out that we permitted an employee of a self-insurer to recover in *Matter of Country-Wide*

*Ins. Co. (Manning)* (62 NY2d 748 [1984]), which involved essentially indistinguishable facts. Because we did not discuss the workers' compensation issue in *Manning*, however, we assume that the issue is open.

Workers' Compensation Law § 11 says:

> "The liability of an employer [for workers' compensation benefits] . . . shall be exclusive and in place of any other liability whatsoever, to such employee, his or her personal representatives, spouse, parents, dependents, distributees, or any person otherwise entitled to recover damages, contribution or indemnity, at common law or otherwise, on account of such injury or death or liability arising therefrom."

Although the words "any other liability whatsoever" seem all-inclusive, there are cases—of which this is one—in which they cannot be taken literally (*see Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152 [1980]). Specifically, the statute cannot be read to bar all suits to enforce contractual liabilities. If an employer agrees, as part of a contract with an employee, to provide life insurance or medical insurance, and breaches that contract, an action to recover damages for the breach would not be barred, though the action might literally be "on account of . . . injury or death."

An action against a self-insurer to enforce the liability recognized in *Shaw* is, in our view, essentially contractual. The situation is as though the employer had written an insurance policy to itself, including the statutorily-required provision for uninsured motorist coverage. This action is therefore not barred by Workers' Compensation Law § 11.

Accordingly, the order of the Appellate Division should be affirmed with costs. The certified question is unnecessary and should not be answered.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order affirmed, etc.