*61 OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is affirmed, without costs.
In this action to recover assigned first-party no-fault benefits, defendant self-insurer appeals from so much of an order of the Civil Court as, upon renewal, adhered to the court’s prior determination denying defendant’s motion, in effect, for summary judgment dismissing the complaint.
Plaintiff medical provider commenced this action on January 5, 2007 seeking to recover assigned first-party no-fault benefits for claims which were submitted to defendant between March 14 through August 27, 2001. After issue had been joined, defendant moved, in effect, for summary judgment dismissing the complaint on the ground that the action was barred by the statute of limitations. Defendant contended therein that, since it does not maintain an insurance policy, its obligation to provide no-fault benefits is statutorily imposed (Insurance Law § 5103; see Insurance Department Regulations [11 NYCRR] § 65-2.1) and governed by CPLR 214 (2), which imposes a three-year statute of limitations. In opposition to the motion, plaintiff asserted that a six-year statute of limitations, as set forth in CPLR 213 (2), applied, citing Matter of ELRAC Inc. v Suero (38 AD3d 544 [2d Dept 2007]). Defendant replied that the recent First Department holding in M.N. Dental Diagnostics, P.C. v New York City Tr. Auth. (82 AD3d 409 [2011]) required the imposition of a three-year statute of limitations (see also Richard Denise M.D. P.C. v New York City Tr. Auth., 96 AD3d 561 [1st Dept 2012]).
Vehicle and Traffic Law § 370 mandates that any entity engaged in the business of transporting passengers provide proof of insurance or a surety bond to answer for damages in the event of an accident.
Insurance Law § 5103 (a) (1) imposes a duty on the owner of a bus to provide first-party no-fault benefits to its passengers:
“In the case of occupants of a bus other than operators, owners, and employees of the owner or operator of the bus, the coverage for first party benefits shall be afforded under the policy or policies, if any, providing first party benefits to the injured person and members of his household for loss arising out of the use or operation of any motor vehicle of such *62 household. In the event there is no such policy, first party benefits shall be provided by the insurer of such bus.”
In the Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Evans (95 AD2d 470 [1983]), the Second Department recognized the obligation of a self-insured to provide the same benefits as those required in an insurance policy. In discussing a requirement for uninsured motorist benefits, the Court held that a public bus company could not be exempt from the statutorily-imposed insurance coverage “ ‘by the fortuity that it had chosen the self-insurance option as to financial security’ ” (id. at 473, quoting Matter of New York City Tr. Auth. [Thom], 70 AD2d 158, 171 [1979], affd 52 NY2d 1032 [1981]). The Court saw no reason to treat the obligations of a self-insurer differently from those imposed on the owner of a single vehicle. It stands to reason that the intent of the legislature was not to impose a lesser duty on a public carrier which posts a bond than the duty imposed upon an owner who purchases insurance.
In Mandarino v Travelers Prop. Cas. Ins. Co. (37 AD3d 775 [2007]), the Second Department recognized the existence of a six-year statute of limitations on claims arising from wrongfully withheld first-party no-fault benefits. The Mandarino court reasoned:
“as a matter of strict statutory interpretation, where the plaintiff’s action is based upon both a ‘contractual obligation or liability’ and upon a ‘liability, penalty or forfeiture created or imposed by statute,’ the longer, six-year statute of limitations, as provided in CPLR 213 (2), is applied to the exclusion of the three-year statute of limitations provided in CPLR 214 (2)” {id. at 776).
Accordingly, the order, insofar as appealed from, is affirmed.
Pesce, PJ., Weston and Rios, JJ., concur.