FAHEY, J.
*869 **476 This appeal presents the question whether the three-year statute of limitations set forth in CPLR 214(2) applies to no-fault claims against a self-insurer. We conclude that it does.
Background and Motion Practice
In January 2001, Girtha Butler sustained personal injuries in a motor vehicle accident involving a bus on which she was a passenger. The bus was owned by defendant, New York City Transit Authority. It did not have no-fault coverage and instead was self-insured with respect to that risk.[1] Plaintiff, Contact Chiropractic, P.C., subsequently provided health services to ***193 Butler for the personal injuries she sustained in the accident. Butler assigned to plaintiff her right to recover first-party benefits from the self-insured defendant. To that end, plaintiff submitted its claims, bills, and no-fault verification forms to defendant between March 14, 2001 and August 27, 2001.
On January 8, 2007, plaintiff commenced this action seeking, among other things, reimbursement for allegedly outstanding invoices. After joining issue, defendant moved for an order to, among other things, dismiss the complaint "based on [plaintiff's] failure to commence the action within the three-year statute of limitations." Defendant contended that the three-year statute of limitations under CPLR 214(2), which applies to actions to recover upon a liability created or imposed by statute, governs this case because defendant was self-insured at the time of the subject accident and therefore had no contract for insurance with respect to that loss, as opposed to CPLR 213(2), which establishes a six-year period of limitations for an action based upon a contractual obligation or liability. Defendant relied upon authority of the Appellate Division, First Department, providing that a self-insured's "obligation to provide no-fault benefits arises out of the no-fault statute," and that "the three-year statute of limitations as set forth in CPLR 214(2)" applies to disputes with respect to the payment of such benefits by a self-insured ( M.N. Dental Diagnostics, P.C. v. New York City Tr. Auth., 82 A.D.3d 409, 410, 917 N.Y.S.2d 856 [1st Dept. 2011] ).
In opposition to the motion, plaintiff maintained that the six-year statute of limitations controls this case. For its part, plaintiff relied upon authority of the Appellate Division, Second Department, providing that an injured person's "claim for *870 uninsured motorist benefits against a self-insured vehicle owner, while statutorily mandated, remains contractual rather than **477 statutory in nature and, as such, is subject to the six-year statute of limitations" ( Matter of ELRAC, Inc. v. Suero, 38 A.D.3d 544, 545, 831 N.Y.S.2d 475 [2d Dept. 2007] [internal quotation marks and citations omitted], lv denied 9 N.Y.3d 811, 846 N.Y.S.2d 601, 877 N.E.2d 651 [2007] ).
Civil Court denied the motion, holding that a six-year statute of limitations applies to no-fault benefit claims against both insurers and self-insurers. The court reasoned that "[n]either self-insured nor governmental status supports a shortened ***194 statute of limitations"; in support of that point, the court noted that the Second Department has applied a six-year statute of limitations to no-fault claims, regardless of whether the prospective payor has an insurance policy or is self-insured (see Suero, 38 A.D.3d at 544, 831 N.Y.S.2d 475 ).
Defendant subsequently moved for leave to renew the motion, and the court granted renewal but adhered to the prior determination. In this order, the court acknowledged the "split of authority" in the Appellate Division with respect to this statute of limitations question, and deemed controlling the Second Department case law applying a six-year statute of limitations in cases such as this one on the ground that "no-fault matters ... are arguably contractual in nature, even when dealing with a self-insured entity such as [defendant]."
The Appeals in the Lower Courts
On appeal, the Appellate Term affirmed the order determining the motion to renew and applying the six-year statute of limitations to this matter ( 42 Misc.3d 60, 979 N.Y.S.2d 766 [App. Term, 2d Dept., 2d, 11th, and 13th Jud. Dists. 2013] ), reasoning "that the intent of the legislature was not to impose a lesser duty on a public carrier which posts a bond than the duty imposed upon an owner who purchases insurance" ( id. at 62, 979 N.Y.S.2d 766 ). On further appeal, the Appellate Division affirmed the Appellate Term's order, concluding that the Appellate Term had
"correctly determined that an action by an injured claimant, or his or her assignee, to recover first-party no-fault benefits from a defendant who is self-insured, is subject to a six-year statute of limitations, since the claim is essentially contractual, as opposed to statutory, in nature" ( 135 A.D.3d 804, 805, 22 N.Y.S.3d 891 [2d Dept. 2016] ).
The Appellate Division granted defendant's subsequent application for leave to appeal to this Court and certified this question for our review:
"Was the decision and order of the [Appellate Division], which determined that an action to recover first-party benefits from a party which is self-insured is subject to a six-year statute of limitations, properly made?"
We now answer that question in the negative.
Analysis
This case arises from the No-Fault Law, which "is aimed at ensuring 'prompt compensation for losses incurred by accident victims without regard to fault or negligence, to reduce the burden on the courts and to provide substantial premium savings ***195 to New York motorists' " ( Viviane Etienne Med. Care, P.C. v. Country-Wide Ins. Co., 25 N.Y.3d 498, 504-505, 14 N.Y.S.3d 283, 35 N.E.3d 451 [2015], quoting Matter of Medical Socy. of State of N.Y. v. Serio, 100 N.Y.2d 854, 860, 768 N.Y.S.2d 423, 800 N.E.2d 728 [2003] ). We previously have recognized the complex "nature of the statutory and regulatory scheme of the No-Fault Law" ( id. at 505, 14 N.Y.S.3d 283, 35 N.E.3d 451 ), characterizing it as a "Rube-Goldberg" like maze *871 ( Presbyterian Hosp. in City of N.Y. v. Maryland Cas. Co., 90 N.Y.2d 274, 286, 660 N.Y.S.2d 536, 683 N.E.2d 1 [1997] ). **478 This matter is another illustration of the intricacy of that law.
Our review begins with Vehicle and Traffic Law § 312(1)(a), which provides, in pertinent part, that
"[n]o motor vehicle shall be registered in this state unless the application for such registration is accompanied by proof of financial security which shall be evidenced by proof of insurance or evidence of a financial security bond, a financial security deposit or qualification as a self-insurer under [ Vehicle and Traffic Law § 316 ]."
Inasmuch as the registrant of a motor vehicle may prove "financial security" through, among other things, evidence of a "financial security bond" ( Vehicle and Traffic Law § 312 ), it follows that registration of a motor vehicle in this state is not contingent upon proof of insurance. To the extent a registrant elects to forgo insurance, the alternative form of financial security chosen (be it self-insurance under Vehicle and Traffic Law § 316 or the financial security bond referenced in section 312 ) must satisfy Insurance Law § 5103, which generally requires the payment of no-fault benefits (minimum amounts of which are specified in 11 NYCRR 65-1.1 ) and which applies its provisions to any contract for insurance that does not meet the demands of that article ( Insurance Law § 5103[h] ; see Allstate Ins. Co. v. Shaw, 52 N.Y.2d 818, 820, 436 N.Y.S.2d 873, 418 N.E.2d 388 [1980] ).
In matters involving questions with respect to no-fault claims against insurance companies liable for no-fault benefits due to the issuance of an insurance policy, the Appellate Division has applied a six-year statute of limitations (see Travelers Indem. Co. of Connecticut v. Glenwood Med., P.C., 48 A.D.3d 319, 319, 853 N.Y.S.2d 26 [1st Dept. 2008] ; Mandarino v. Travelers Prop. Cas. Ins. Co., 37 A.D.3d 775, 776, 831 N.Y.S.2d 452 [2d Dept. 2007] ; Benson v. Boston Old Colony Ins. Co., 134 A.D.2d 214, 215, 521 N.Y.S.2d 14 [1st Dept. 1987] ; Micha v. Merchants Mut. Ins. Co., 94 A.D.2d 835, 835, 463 N.Y.S.2d 110 [3d Dept. 1983] ; see also ***196 Flatlands Acupuncture, P.C. v. Fireman's Fund Ins. Co., 32 Misc.3d 17, 18, 927 N.Y.S.2d 281 [App. Term, 2d Dept. 2011] ; Chester Med. Diagnostic, P.C. v. Kemper Cas. Ins. Co., 21 Misc.3d 1108[A], 2008 WL 4491503 at *2 [Civil Ct., Kings County 2008] [collecting Appellate Division cases] ). This dispute, however, arises from an instance in which the party responsible for the payment of no-fault benefits is self-insured and, as noted, the law is unsettled regarding what statute of limitations applies to no-fault benefit claims involving such entities.
We conclude that the three-year statute of limitations as set forth in CPLR 214(2), which governs disputes with respect to penalties created by statute, should control this case. There is no dispute "that it is the gravamen or essence of the cause of action that determines the applicable Statute of Limitations" ( Western Elec. Co. v. Brenner, 41 N.Y.2d 291, 293, 392 N.Y.S.2d 409, 360 N.E.2d 1091 [1977] ), or that a three-year limitations period applies to "an action to recover upon a liability ... created or imposed by statute" ( CPLR 214[2] ; cf. CPLR 213[2] [imposing a six-year statute of limitations upon actions involving contractual obligations and liabilities] ). Moreover, although the three-year period of limitation in " CPLR 214(2) does not automatically apply to all causes of action in which a statutory remedy is sought" ( Gaidon v. Guardian Life Ins. Co. of Am., 96 N.Y.2d 201, 208, 727 N.Y.S.2d 30, 750 N.E.2d 1078 [2001], that condition does attach to instances *872 in which "liability would not exist but for a statute" ( id. [internal quotation marks omitted] ). **479 The no-fault benefits in dispute are not provided by a contract with a private insurer. Instead defendant has met its statutory obligation by self-insuring. No-fault is a creature of statute (see Aetna Life Ins. Co. v. Nelson, 67 N.Y.2d 169, 175, 501 N.Y.S.2d 313, 492 N.E.2d 386 [1986] ["the No-Fault law does not codify common-law principles; it creates new and independent statutory rights and obligations in order to provide a more efficient means for adjusting financial responsibilities arising out of automobile accidents"] ). Our holding in Aetna Life Ins. Co. is directly applicable here. As we stated in that case, "first-party benefits are a form of compensation unknown at common law, resting on predicates independent of the fault or negligence of the injured party" ( id. at 175, 501 N.Y.S.2d 313, 492 N.E.2d 386 ). In the absence of private law requiring defendant to pay first-party benefits (that is, in the absence of a contract for insurance), the only requirement that defendant provide such remuneration to the assignee as a result of the accident appears in relevant parts of the Vehicle and Traffic Law and the Insurance Law. Consequently, the source of ***197 this claim is wholly statutory, meaning that the three-year period of limitations in CPLR 214(2) should control this case.[2]
Finally, we note that our holding here does not reduce the no-fault liability or obligations of self-insurers, or curtail the substantive no-fault rights of injured parties or their assignees as against such self-insurers. "Statutes of limitations are considered procedural because they are deemed as pertaining to the remedy rather than the right" ( Portfolio Recovery Assoc., LLC v. King, 14 N.Y.3d 410, 416, 901 N.Y.S.2d 575, 927 N.E.2d 1059 [2010] [internal quotation marks omitted] ). Therefore, applying the three-year statute of limitations set forth in CPLR 214(2) does not alter the substantive protections afforded under the No-Fault Law to those with a claim against a self-insurer.
Accordingly, the Appellate Division order should be reversed, with costs, that branch of defendant's motion which was to dismiss the complaint as time-barred granted, and the certified question answered in the negative.

Vehicle and Traffic Law § 321(1) excepts vehicles owned by a political subdivision of any state from the no-fault insurance procurement and security requirements of Vehicle and Traffic Law § 370(1). Vehicle and Traffic Law § 321(2), in turn, provides that any such motor vehicle shall be subject to the provisions of article 51 of the Insurance Law, including Insurance Law § 5103(a)(1), which establishes minimum no-fault insurance and security requirements.

Here we make two somewhat tangential points. First, as a general matter, we disagree with the dissent's conclusion that the substance of the responsibility to provide no-fault benefits, rather than the source of that obligation, controls this statute of limitations analysis.
Second, we note that Matter of Elrac, Inc. v. Exum , 18 N.Y.3d 325, 938 N.Y.S.2d 252, 961 N.E.2d 643 (2011) does not compel a result different from that which we have reached herein. In Elrac, Inc., we interpreted the Workers' Compensation Law and determined that the phrase "any other liability whatsoever" could not be interpreted literally to bar an employee from recovering uninsured motorist benefits from an employer (id. at 328, 938 N.Y.S.2d 252, 961 N.E.2d 643 ). Our reasoning did not address, and does not bind us in, the context of interpreting the no-fault law or CPLR 214(2).