GARCIA, J. (dissenting).
I would hold that an action to recover no-fault benefits-whether from insurers *873 or self-insurers-is subject to the six-year statute of limitations. As the majority acknowledges, the lower courts have, for **480 decades, held that a no-fault claim against an insurance company is subject to the six-year limitation (majority op. at 195-196, 75 N.Y.S.3d at 476-77, 99 N.E.3d at 870-71 [collecting cases] ). And this Court has cited to the "applicable six-year Statute of Limitations" for such claims ( ***198 Gurnee v. Aetna Life & Cas. Co., 55 N.Y.2d 184, 193, 448 N.Y.S.2d 145, 433 N.E.2d 128 [1982] ). Despite accepting that premise, the majority holds that the same claim against a self-insurer-on the same theory of liability-is subject to the three-year statute of limitations. By electing to be self-insured, defendant stands in the same position as any other insurer under the No-Fault Law. A different statute of limitations for self-insurers, essentially providing a shorter limitations period for those who demonstrate "financial security," is an unfortunate result and one not required by our precedent. Accordingly, I dissent.
I.
As the name suggests, New York's "Comprehensive Motor Vehicle Insurance Reparations Act," commonly referred to as the "No-Fault Law" (see Insurance Law § 5101 et seq. ), requires that "every owner of a motor vehicle provide himself [or herself], members of [the owner's] household, operators, occupants and pedestrians with compensation for 'basic economic loss' resulting from injuries occasioned by the use or operation of that vehicle in this State, regardless of fault" ( Montgomery v. Daniels, 38 N.Y.2d 41, 46, 378 N.Y.S.2d 1, 340 N.E.2d 444 [1975] ). "[T]he no-fault legislation foreclosed recovery for pain and suffering by persons who had suffered relatively minor injuries in automobile accidents, but balanced this by providing a means of obtaining prompt and full recovery for certain economic losses" ( Gurnee, 55 N.Y.2d at 193, 448 N.Y.S.2d 145, 433 N.E.2d 128 ). The No-Fault Law imposes equal liability for the payment of no-fault benefits on insurers and self-insurers alike (see Insurance Law § 5103[a][1] ; Dermatossian v. New York City Tr. Auth., 67 N.Y.2d 219, 224, 501 N.Y.S.2d 784, 492 N.E.2d 1200 [1986] ).[1]
Reimbursement payments for basic economic loss, known as "first-party benefits" ( Insurance Law § 5102[b] ), must be made "as the loss is incurred" and benefits become "overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained" (id. § 5106[a] ). Accordingly, the accrual date for a cause of action against an insurer or self-insurer based on its failure to pay first-party benefits is the date when the payments became overdue (see Motor Vehicle Acc. Indemn. Corp. v. Aetna Cas. & Sur. Co., 89 N.Y.2d 214, 222, 652 N.Y.S.2d 584, 674 N.E.2d 1349 [1996] ).
***199 The No-Fault Law does not provide a statute of limitations for actions to recover first-party benefits from insurers or self-insurers. Accordingly, in determining the appropriate limitations period, "it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought" ( Hartnett v. New York City Tr. Auth., 86 N.Y.2d 438, 443-444, 633 N.Y.S.2d 758, 657 N.E.2d 773 [1995], quoting *874 Solnick v. Whalen, 49 N.Y.2d 224, 229, 425 N.Y.S.2d 68, 401 N.E.2d 190 [1980] ). The touchstone is "the gravamen or essence of the cause of action" rather than **481 the form in which it is pleaded ( Western Elec. Co. v. Brenner, 41 N.Y.2d 291, 293, 392 N.Y.S.2d 409, 360 N.E.2d 1091 [1977] ).
A claim in contract is subject to the six-year statute of limitations in CPLR 213(2), which "includes a cause of action for indemnification, whether the obligation to indemnify arises expressly or by operation of law" ( David D. Siegel, New York Practice § 35 at 46 [5th ed 2011] ). By contrast, the three-year statute of limitations applies to "an action to recover upon a liability, penalty or forfeiture created or imposed by statute except as provided in sections 213 and 215" ( CPLR 214[2] ). The three-year limitations period "does not automatically apply to all causes of action in which a statutory remedy is sought, but only where liability 'would not exist but for a statute' " ( Gaidon v. Guardian Life Ins. Co. of Am., 96 N.Y.2d 201, 208, 727 N.Y.S.2d 30, 750 N.E.2d 1078 [2001], quoting Aetna Life & Cas. Co. v. Nelson, 67 N.Y.2d 169, 174, 501 N.Y.S.2d 313, 492 N.E.2d 386 [1986] ).
The majority's application of the three-year statute of limitations in CPLR 214(2) forecloses any recovery here, despite the fact that defendant made no payments or adjustments whatsoever with respect to the claims, bills, and no-fault verification forms submitted by plaintiff. I would apply the six-year statute of limitations in CPLR 213(2) and hold that plaintiff's action was timely.
II.
As the majority notes, it is well settled that an action to recover first-party benefits from an insurance company is premised on the terms of the insurance contract and so subject to CPLR 213(2)'s six-year statute of limitations (see majority op. at 195-196, 75 N.Y.S.3d at 476-77, 99 N.E.3d at 870-71). The First, Second, and Third Departments have long held that a no-fault claim asserted by an insured against an insurer is contractual in nature and therefore subject to the six-year statute of limitations (see Mandarino v. Travelers Prop. Cas. Ins. Co., 37 A.D.3d 775, 776, 831 N.Y.S.2d 452 [2d Dept. 2007] [holding "that a no-fault claimant's right (or that of his or her assignee) to recover ***200 first-party benefits derives primarily from the terms of the relevant contract of insurance"]; Benson v. Boston Old Colony Ins. Co., 134 A.D.2d 214, 215, 521 N.Y.S.2d 14 [1st Dept. 1987] ; Micha v. Merchants Mut. Ins. Co., 94 A.D.2d 835, 836, 463 N.Y.S.2d 110 [3d Dept. 1983] ). This Court has also recognized that the six-year limitation applies to claims seeking withheld or overdue first-party benefits ( Gurnee, 55 N.Y.2d at 193, 448 N.Y.S.2d 145, 433 N.E.2d 128 ).[2] In an analogous context, we applied the six-year statute of limitations to an uninsured motorist claim against the Motor Vehicle Accident Indemnification Corporation (MVAIC) under the relevant insurance policy (see Matter of De Luca [Motor Veh. Acc. Indem. Corp. ], 17 N.Y.2d 76, 79, 268 N.Y.S.2d 289, 215 N.E.2d 482 [1966] ). *875 There is no dispute that a no-fault action against an insurer is subject to the six-year **482 statute of limitations governing contractual obligations.[3]
III.
The issue then is whether a self-insurer should have a different limitations period than an insured who pays a premium for coverage. Considerations of public policy and fundamental fairness militate against that outcome. Those considerations should control given that application of a uniform six-year limitations period finds support in our case law.
A.
Contrary to the majority's assertion, the absence of a contract does not necessarily mean that an action against a self-insurer is fundamentally statutory in nature. The term "insurer" is defined in the No-Fault Law as "the insurance company or the self-insurer, as the case may be" ( Insurance Law § 5102[g] ). Although technically a self-insurer, defendant is nonetheless considered the functional equivalent of an "insurer" for the ***201 purposes of administering no-fault coverage. Indeed, self-insurance is different from insurance only insofar as "the self-insurer has assumed the risk of personally satisfying any tort judgments against it" ( ELRAC, Inc. v. Ward, 96 N.Y.2d 58, 74, 724 N.Y.S.2d 692, 748 N.E.2d 1 [2001] ). But, in this context, the obligation to provide no-fault benefits is functionally the same for insurers and self-insurers. We therefore "attach no legal significance to whether the [defendant] is self-insured or carries insurance coverage" ( Ryder Truck Lines, Inc. v. Maiorano, 44 N.Y.2d 364, 372, 405 N.Y.S.2d 666, 376 N.E.2d 1311 [1978] ). As a corporation carrying passengers for hire, defendant "may ... choose one method or the other to make economic provision to assure discharge of its financial obligations. Its liability, however, is unaffected by the implementing mechanism it selects" ( id. ).
The lack of a meaningful difference between insurers and self-insurers is confirmed by settled precedent. In Allstate Ins. Co. v. Shaw , 52 N.Y.2d 818, 436 N.Y.S.2d 873, 418 N.E.2d 388 (1980), this Court resolved the question whether self-insured entities were required to provide uninsured motorist benefits. We answered that question in the affirmative, holding that self-insurers had to provide the same minimum coverage as insured entities with insurance policies. We then extended the rationale in Shaw to hold that Workers' Compensation Law § 11 does not bar an employee from recovering uninsured motorist benefits from his self-insured employer in connection with an accident that occurred while the employee was driving the employer's vehicle (see Matter of Elrac, Inc. v. Exum, 18 N.Y.3d 325, 327-328, 938 N.Y.S.2d 252, 961 N.E.2d 643 [2011] ). In so holding, we noted that "[a]n action against a self-insurer to enforce the liability recognized in Shaw is, in our view, essentially contractual. The situation is as though the employer had written an insurance policy to itself, including the statutorily-required provisions " ( id. at 328, 938 N.Y.S.2d 252, 961 N.E.2d 643 [emphasis added] ).
By electing to be self-insured, defendant assumes the obligation to provide no-fault and uninsured motorist coverage and "[w]ith that, [defendant] undertook all the duties and responsibilities of an insurer" ( Ward, 96 N.Y.2d at 77, 724 N.Y.S.2d 692, 748 N.E.2d 1 ). Defendant, in other words, *876 is in the same position as any other insurer for the purposes of providing coverage. **483 The instrumentality of no-fault coverage-whether a certificate of self-insurance or a policy of insurance-is immaterial to the obligation to indemnify. Plaintiff's claim against a self-insurer is therefore properly ***202 viewed as a breach of contract governed by the six-year statute of limitations.[4]
Citing our decision in Aetna Life Ins. Co. v. Nelson , 67 N.Y.2d 169, 501 N.Y.S.2d 313, 492 N.E.2d 386 (1986), the majority nonetheless posits that no-fault coverage is a creature of statute. In Nelson, we observed that the "no-fault concept ... modifies the common-law system of reparation for personal injuries under tort law ... and that first-party benefits are a form of compensation unknown at common law, resting on predicates independent of the fault or negligence of the injured party ( id. at 175, 501 N.Y.S.2d 313, 492 N.E.2d 386 [internal quotation marks] ). In short, "the No-Fault Law does not codify common-law principles; it creates new and independent statutory rights and obligations in order to provide a more efficient means for adjusting financial responsibilities arising out of automobile accidents" ( id. ). We therefore applied CPLR 214(2)'s three-year statute of limitations to an insurance company's action to enforce a statutory lien, pursuant to a specific provision of the No-Fault Law, on a judgment awarded to a plaintiff who had already been paid first-party benefits (see Nelson, 67 N.Y.2d at 174-175, 501 N.Y.S.2d 313, 492 N.E.2d 386 ; Insurance Law § 5104[b] ). That third-party claim, which did not exist at common law, "could not properly be viewed as arising out of any contract" ( Mandarino, 37 A.D.3d at 777, 831 N.Y.S.2d 452 ). The present case, involving a direct claim for indemnification by an injured party or the party's assignee, is readily distinguishable. That self-insurers may avoid purchasing an insurance policy does not alter the basis of their liability.
B.
As we have consistently recognized, a defendant "may not, merely because it is a self-insurer, decrease the obligations that it owes to its insureds" ( Ward, 96 N.Y.2d at 77, 724 N.Y.S.2d 692, 748 N.E.2d 1 ; see Shaw, 52 N.Y.2d at 820, 436 N.Y.S.2d 873, 418 N.E.2d 388 ). Giving self-insurers, based on no substantive difference in their obligation to pay, a shorter limitations period than those who obtain insurance policies, leads to arbitrary and inequitable outcomes in the provision of no-fault benefits. Consider the scenario of a private automobile, insured through a policy of insurance, colliding with a public bus, ***203 insured through a certificate of self-insurance. The driver of the car and a passenger on the bus suffer relatively minor injuries requiring medical treatment. They both seek payment for first-party medical benefits from those obligated to pay. Under the majority's holding, the injured driver will have six years to file suit based on the failure to pay first-party benefits, but the injured passenger will have only three years. By the mere fortuity that a public bus company is "self-insured," the injured passenger is put at significant disadvantage. From an injured claimant's perspective, however, the right to recover benefits from a self-insurer is no different than the equivalent right under a contract of insurance *877 issued to a private automobile owner (see **484 Matter of Country-Wide Ins. Co. [Manning], 96 A.D.2d 471, 472, 464 N.Y.S.2d 786 [1st Dept. 1983], affd 62 N.Y.2d 748, 476 N.Y.S.2d 831, 465 N.E.2d 370 [1984] ). The rule now put forward by the majority raises the troubling appearance that an equally-deserving claimant could be barred from recovering benefits merely because the offending party effectively "bought" self-insured status. In making insurers and self-insurers equally liable for no-fault benefits, I do not believe the Legislature ever contemplated such an outcome.[5]
IV.
An action to recover no-fault benefits from an insurer is subject to the six-year statute of limitations in CPLR 213(2). Applying the same six-year limitation to self-insurers would make the limitations period consistent across all no-fault claims. Our precedent supports this outcome and it is consistent with the public policy underlying no-fault liability. Allowing six years for bringing claims against an insured but only three years for bringing claims against a self-insurer is both unfair and unnecessary. Accordingly, I dissent.
Order reversed, with costs, that branch of defendant's motion which was to dismiss the complaint as time-barred granted and certified question answered in the negative.
Chief Judge DiFiore and Judges Stein and Feinman concur, Judge Stein in a concurring opinion. Judge Garcia dissents and votes to affirm in an opinion in which Judges Rivera and Wilson concur.

There are various ways to qualify as a "self-insurer" under the relevant statutes, including by demonstrating "financial security" (11 NYCRR 65-2.1 [a][1]-[2] ). In lieu of providing an insurance policy or surety bond, corporations engaged in the business of transporting passengers for hire, such as defendant, may file a certificate of self-insurance (see Vehicle and Traffic Law § 370 ).

Gurnee involved the retroactive application of our decision in Kurcsics v. Merchants Mut. Ins. Co. , 49 N.Y.2d 451, 426 N.Y.S.2d 454, 403 N.E.2d 159 (1980), which interpreted the Insurance Law as it related to no-fault insurance protection to cap lost earnings at $1,000 per month rather than the $800 per month proposed by the Superintendent of Insurance. Plaintiffs brought suit against the insurance companies seeking to recover the difference on prior claims. We held that our earlier decision should apply to all claims not barred by the statute of limitations. In doing so, we specifically "noted that the applicable six-year Statute of Limitations has already extinguished a portion of the insurers' potential liability," citing CPLR 213 (Gurnee, 55 N.Y.2d at 193, 448 N.Y.S.2d 145, 433 N.E.2d 128 ).

To suggest otherwise would make uncertain the viability of thousands of no-fault claims against insurance companies that could otherwise be timely asserted under this well-established, and much relied-upon, six-year rule.

The Appellate Division, Second Department has applied the same limitation to self-insurers in the analogous context of uninsured motorist benefits (see Matter of New York City Tr. Auth. v. Powell, 126 A.D.3d 705, 706, 5 N.Y.S.3d 234 [2d Dept. 2015] ; Matter of New York City Tr. Auth. v. Hill, 107 A.D.3d 897, 898, 968 N.Y.S.2d 134 [2d Dept. 2013] ; Matter of ELRAC, Inc. v. Suero, 38 A.D.3d 544, 545, 831 N.Y.S.2d 475 [2d Dept. 2007] ).

Nothing in the legislative history of the No-Fault Law suggests that the Legislature intended self-insurers to have a different statute of limitations than private insurers.