Shirom Acupuncture, P.C. v NYC Off. of the Comptroller (2018 NY Slip Op 05881)





Shirom Acupuncture, P.C. v NYC Off. of the Comptroller


2018 NY Slip Op 05881


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-00166
 (Index No. 100921/11)

[*1]Shirom Acupuncture, P.C., etc., respondent, 
v
NYC Office of the Comptroller, appellant.


Zachary W. Carter, Corporation Counsel, New York, NY (Pamela Seider Dolgow, Margaret G. King, and Pamela Cullington of counsel), for appellant.
Gary Tsirelman, Brooklyn, NY (David M. Gottlieb and Stefan Belinfanti of counsel), for respondent.



DECISION & ORDER
In an action to recover no-fault benefits, the defendant appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second, Eleventh and Thirteenth Judicial Districts, dated May 18, 2015. The order affirmed an order of the Civil Court, Queens County (Carmen R. Velasquez, J.), dated October 3, 2012, denying the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint as time-barred.
ORDERED that the order dated May 18, 2015, is reversed, on the law, with costs, the order of the Civil Court, Queens County, dated October 3, 2012, is reversed, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.
The plaintiff rendered medical treatment to a patient in connection with injuries the patient sustained in a motor vehicle accident involving a vehicle owned by the City of New York and operated by one of its employees. The patient allegedly assigned his right to receive first-party no-fault benefits to the plaintiff. It is undisputed that more than three years after the self-insured defendant made partial payment of the requested no-fault benefits, the plaintiff commenced this action against the defendant to recover the unpaid balance. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint as time-barred, reasoning that the three-year statute of limitations found in CPLR 214(2) applied to the action and had expired prior to its commencement. The plaintiff opposed the motion, contending that the action was governed by the six-year statute of limitations set forth in CPLR 213(2) and therefore was timely commenced. The Civil Court denied the defendant's motion, and the Appellate Term affirmed. We reverse.
As the Court of Appeals recently determined, a claim to recover no-fault benefits from a self-insured entity such as the defendant is subject to the three-year limitations period set forth in CPLR 214(2) (see Contact Chiropractic, P.C. v New York City Tr. Auth., 31 NY3d 187, 192). Accordingly, the plaintiff's action is time-barred, and the defendant's motion to dismiss should be granted.
MASTRO, J.P., SGROI, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court