Pinder v Sonnet Serv. Co., Inc. (2023 NY Slip Op 05750)

Pinder v Sonnet Serv. Co., Inc.

2023 NY Slip Op 05750

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2022-00807
 (Index No. 703598/19)

[*1]Lavern Pinder, appellant, 
v
Sonnet Service Co., Inc., respondent.

Bailly and McMillan, LLP, White Plains, NY (John J. Bailly of counsel), for appellant.

DECISION & ORDER
In an action to recover no-fault benefits, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered January 20, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to recover no-fault benefits for injuries she allegedly sustained while a passenger in a taxi that was involved in a motor vehicle accident in Queens. At the relevant time, the defendant was the self-insured owner of the taxi. It is undisputed that more than three years after the defendant made partial payment to the plaintiff of requested no-fault benefits, the plaintiff commenced this action to recover the unpaid balance. The defendant moved for summary judgment dismissing the complaint, inter alia, on the ground that the action was time-barred pursuant to the three-year statute of limitations found in CPLR 214(2). The plaintiff opposed the motion, contending that the action was governed by the six-year statute of limitations set forth in CPLR 213(2), and that the action was, therefore, timely commenced. The Supreme Court granted the motion.
Contrary to the plaintiff's contentions, a claim to recover no-fault benefits from a self-insured entity such as the defendant is subject to the three-year limitations period set forth in CPLR 214(2) (see Contact Chiropractic, P.C. v New York City Tr. Auth., 31 NY3d 187, 192; Shirom Acupuncture, P.C. v NYC Off. of the Comptroller, 164 AD3d 853, 853-854). Accordingly, this action was time-barred.
The plaintiff's remaining contentions need not be reached in light of our determination.
DILLON, J.P., BARROS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court